(No. 35457<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEROY SULLIVAN, Plaintiff in Error.

*Opinion filed May 19, 1961.*

JOHN J. KELLY, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff in error, hereinafter called defendant, was convicted of the crime of armed robbery and sentenced to the penitentiary for a term of from one year to life. He obtained a transcript of the record pursuant to Rule 65—1 and brings this writ of error, as a poor person, for review of his conviction. We have jurisdiction on writ of error, this being a criminal case above the grade of misdemeanor.

There is no question but that two men, named Beamon and Smallwood, committed an armed robbery on September 26, 1958, at the World Camera Shop at 11511 South Michigan Avenue, in Chicago. The principal question on this writ of error is whether the evidence was sufficient to sustain the conviction of defendant as an accessory.

Defendant was arrested by officer Michael Hogan as he was entering a car parked at the corner of 115th Street and Michigan Avenue shortly after the robbery. Hogan testified he had responded to a call at the camera shop, where he found that officer Orville Kent had apprehended Smallwood. After talking with Smallwood, Hogan went to the corner of 115th and Michigan, where he found a Chrysler

automobile parked. He watched the automobile until defendant entered it and began to start it, whereupon Hogan arrested defendant and took him to a police station. Hogan said he recognized defendant from the description he had been given. Hogan testified that he talked with defendant at the police station and that defendant stated that he had picked up Beamon and Smallwood and had driven out to 115th and Michigan, having first driven past the camera shop to 119th Street and then turning around and coming back and parking at 115th and Michigan, where the other two men got out of the car. Officer Kent, who was present at this conversation, corroborated Hogan's testimony and added that defendant told them that after Beamon and Smallwood left the car they turned south on Michigan Avenue, that a short time later he heard a commotion on Michigan Avenue and left the car to see what was going on, that when he saw Beamon and Smallwood in the custody of the police he returned to the car and, as he started the motor, was arrested. The owner of the camera shop testified that defendant had been in the store about two days before the robbery inquiring about a camera, and that he had followed defendant outside to see where he was going when he left. No evidence was presented on behalf of defendant.

While it is possible to devise speculative hypotheses consistent with defendant's innocence, we cannot say that the evidence against defendant is insufficient to sustain the conviction. As we said in *People* v. *Russell,* 17 Ill.2d 328, 331, "* * * the requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the jury must disregard the inferences that flow normally from the evidence before it. * * * The jury was not required to search out a series of potential explanations compatible with innocence, and elevate them to the status of a reasonable doubt."

Defendant next contends that it was error for the trial

court to give an instruction on an accessory when no competent evidence was adduced by the People of aiding and abbetting. Since we have held that the evidence was sufficient to sustain the defendant's conviction as an accessory, it follows that there was sufficient evidence to warrant such an instruction. No claim is made that the instruction is not a correct statement of law, and defendant himself offered an instruction not substantially different from the one that was given.

Defendant urges that his conviction should be reversed because the argument on behalf of the prosecution was prejudicial and inflammatory. In seeking to impress the jury with the importance of the case despite the brevity of the trial, the assistant State's Attorney, in his closing argument, said "an armed robber is always a potential murderer" and "he has always got that angel of death at his side at every move he makes in pursuance of the crime of robbery." The first phrase was objected to; the second was not. The evidence clearly showed that Beamon and Smallwood, one of whom was a co-defendant in the trial below, were armed with guns. Under the circumstances, we cannot say that the remarks of the prosecuting attorney transcended the bounds of legitimate argument. (Cf. *People* v. *Stephens,* 6 Ill.2d 257, 261.) In this respect, the present case is quite different from *People* v. *Dukes,* 12 Ill.2d 334, and *People* v. *Moore,* 9 Ill.2d 224, relied upon by defendant, where the argument of the prosecution went far beyond anything justified by the record.

Finally, defendant contends that the court committed error in admitting incompetent and prejudicial evidence. The allegedly incompetent and prejudicial testimony was that of one Samuel Berry, whose only testimony was to the effect that the two guns used in the robbery had been taken from his safe in his presence by Smallwood and Beamon. This testimony did not directly affect defendant, and defendant's counsel made no objection thereto. Counsel for

Beamon did make an initial objection to Berry's testimony on the ground that Berry's name had not been supplied as a witness, and was allowed to interview Berry before he took the stand. No such objection was made by defendant, but the record shows that defendant's counsel had talked with Berry before he testified. No objection was made on behalf of defendant to any of Berry's testimony. Under the circumstances, defendant cannot complain on writ of error of the competency of the evidence.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*