(No. 36014.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE EASTLAND OWENS, Plaintiff in Error.

*Opinion filed January 23, 1962.*

Frank D. Mayer, Jr., of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and John T. Gallagher and M. Robert Ostrow, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Hershey delivered the opinion of the court:

Defendant, having waived jury trial, was convicted after a trial by the court of the crime of burglary and was sentenced to the penitentiary for a term of from five to fifteen years. He brings this writ of error, contending that he was not proved guilty beyond a reasonable doubt and that he was deprived of his constitutional right to a public trial and to be present at all its stages.

The evidence shows that the premises of Master Bronze Powder Company, located at 648 West State Street in Calumet City, were burglarized between 6:00 P.M. on February 4, 1959, and 8:30 A.M. on February 5, 1959. An inventory disclosed that a number of pieces of office equipment, including two typewriters were missing.

Among the witnesses for the People were George Milkovich, the owner of a tavern located about a block from the burglarized premises, and his wife, Beatrice. Mrs. Milkovich testified that at 1:00 A.M. on February 5, the defendant appeared at the back door of the tavern and asked to leave a box. She said something was wrong and told him to get it out of there. Defendant said nothing, but left ·

the box in a storeroom at the rear of the tavern. He returned later, the same day and picked up the box.

According to the testimony of both Mr. and Mrs. Milkovich, the defendant appeared in the tavern about seven o'clock in the evening of February 5. George Milkovich, testified that defendant asked to borrow $13 and offered to leave a typewriter as collateral. Milkovich told his wife to give defendant $13. Mrs. Milkovich testified that she gave the defendant $13 at her husband's request. Neither Mr. and Mrs. Milkovich actually saw the defendant bring a typewriter into the tavern. However, William Gross, a patron of the tavern, testified that he saw defendant bring into the tavern an object covered wih a plastic typewriter cover, set it down at the end of the bar and talk to Mrs. Milkovich, who then talked to her husband and gave the defendant some money. Defendant then put the object in the storeroom.

The following evening, February 6, a typewriter, covered with a plastic cover, was found by the police in the storeroom. No other typewriter was in the storeroom at the time. Gross testified that the plastic cover which was over the typewriter found in the storeroom was similar to the cover that was over the object he had seen defendant carry into the tavern.

Robert Dinwiddie, defendant's brother-in-law, testified for the defense that the defendant had, with Dinwiddie's permission, taken a typewriter owned by Dinwiddie to the tavern early in 1959, to be picked up by defendant's friend, George Wartman, who wanted to borrow it. The tavern owner, George Milkovich, who had previously testified for the People, was called as a witness by the defense and testified that defendant had, on a previous occasion brought a typewriter into the tavern and said it belonged to his brother-in-law. According to Milkovich, the defendant later took the typewriter out and left it with George Wartman.

Milkovich's recollection as to when this took place was somewhat vague, but he appeared to place it considerably earlier than did Dinwiddie.

We cannot agree that the evidence is insufficient to sustain the verdict finding defendant guilty of burglary. It is unquestioned that a typewriter stolen from the burglarized premises was found in the tavern storeroom the second day after the burglary. The testimony of Mr. and Mrs. Milkovich and of Gross, which is not contradicted by any of defendant's testimony, taken together, compel the inference that defendant brought a typewriter into the tavern the evening after the burglary and that this typewriter was the same as the one discovered in the tavern storeroom the following day. We think this evidence was sufficient to prove that the defendant was in the exclusive and unexplained possession of the stolen typewriter shortly after the burglary. This is sufficient to sustain the conviction. *People* v. *Pride*, 16 Ill.2d 82, 89; *People* v. *Bennett*, 3 Ill.2d 357.

Defendant contends that he was not proved to have been in exclusive possession of the typewriter because other persons also had access to the storeroom. This contention would have merit if the only evidence linking the typewriter to the defendant was the fact that it was found in a room to which the defendant was shown to have had access. Here, however, the undisputed evidence is that defendant had a conversation with Milkovich which indicated that defendant intended to leave a typewriter in the tavern. Immediately after this conversation, Gross, a customer at the tavern, saw defendant bring in an object with a typewriter cover over it and leave the object in the storeroom. It is true, as defendant contends, that Gross did not see under the cover and was therefore unable to testify positively that the object was in fact a typewriter. All of the testimony and circumstances of the case taken together, however, compel

the conclusion that the object carried into the tavern by defendant was, in fact, the stolen typewriter. We have repeatedly said that the requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the trier of the fact must disregard the inferences that flow naturally from the evidence before it. The trier of the fact is "not required to search out a series of potential explanations compatible with innocence and elevate them to the status of a reasonable doubt." (*People* v. *Sullivan,* 22 Ill.2d 122, 124; *People* v. *Russell,* 17 Ill.2d 328.) The evidence was sufficient to sustain the verdict.

Immediately following the closing arguments, the court asked the defense counsel and the State's Attorney to come to his chambers for a moment. Later, in the presence of the defendant, the court announced his finding of guilty. The defendant insists that this conference in the judge's chambers between court and counsel violated his constitutional right to a public trial and to be present at every stage. The record is silent as to what transpired in the judge's chambers. While it is true that the defendant is entitled to be present at all stages of his trial, (*People* v. *Smith,* 6 Ill.2d 414, 416) it is also true that this court on writ of error must rely upon what is shown by the record. (*People* v. *Rivers,* 410 Ill. 410, 417.) Here the record does not indicate what, if anything, occurred in the judge's chambers. It does not show that anything improper took place, nor even that any conference was held relating to defendant's trial. Under these circumstances, we cannot say that this record shows grounds for reversal.

No error appearing on the record, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*