**People of the State of Illinois, Plaintiff-Appellee, v. Leo Carter, Defendant-Appellant.**

**Gen. No. 49,161.**

First District, First Division.

November 26, 1963.

Kowal & Karras, of Chicago (Edward W. Kowal, of counsel), for appellant.

Daniel P. Ward, State's Attorney, Cook County, of Chicago (Elmer C. Kissane and John J. O'Toole, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Leo Carter, was found guilty of the crime of petty theft after a bench trial and was sentenced to six months imprisonment to be served at the Illinois State Farm in Vandalia. The case is brought here upon the dismissal of a petition in the nature of a writ of coram nobis seeking to reverse the judgment of conviction.

The defendant contends that the State has failed to prove beyond a reasonable doubt that a crime was committed and that he was one of the persons who committed the crime and further that the trial court erred in dismissing his petition.

Since defendant's main contention relates to the sufficiency of the evidence, a review of the facts presented at the trial is necessary. The evidence, on the part of the State, shows that at approximately 8:00 p. m. on November 25, 1962, Louis Pratt, the complaining witness, was walking in the vicinity of La Salle Street and Oak Street when he was "grabbed" from behind by two men and told "don't move." Pratt testified that they took his watch and key and when he saw police officers going by he told them that "two guys got my watch" and pointed in the direction in which the robbers had fled.

Officer William Edwards testified that while cruising down the alley-way on the evening in question, he and his partner saw three men running and then they saw Pratt who was "waving his arms, as a signal for help." He said that they stopped Warren Thomas who was running and out of breath, and after searching him found on his person a watch (which was later identified by Pratt as his property) and a "sheath knife." He related that Pratt identified Thomas at the scene. The officer further testified that he saw Carter in the street and that Carter was subsequently identified by Pratt when the appellant walked into the police station. This identfication of Carter was corroborated by Pratt's testimony. At the conclusion of the officer's testimony the State was given leave to nolle prosequi the felony charge against the defendant and thereupon filed a charge of petty theft. The defendant who was represented by the public defender stipulated that the evidence heretofore introduced would be the

same as to the misdemeanor charge. Pratt then testified that the watch was valued at five dollars.

At the trial the defendant testified that he and a James Adams were walking down Oak Street when they saw a squad car across the street and crossed over. He said another squad car came by and the officers told them to stand up against the wall. He testified that he was searched and that after they found nothing on him a policeman slapped him in the mouth and told him to go home. Instead, he said he went to the police station to complain about the policeman slapping him, and while waiting there he was told he was under arrest. He related that the police officers brought Pratt into the room and that Pratt, based on the clothes defendant was wearing, identified him as one of the robbers. Thomas when testifying in his own defense said he never saw Carter before. The defendant, Leo Carter, then denied he had ever seen Mr. Pratt or Thomas before he came to the police station and denied any participation in the alleged crime.

The defendant first contends that while the complaining witness testified that two guys got his watch, there is no connecting testimony as to how they obtained the watch. The defendant's new counsel asks, "was it given to them? Found by them? Taken from him? If so how?" Counsel therefore concludes that the finding of guilty was on speculation or conjecture. We cannot agree. The evidence shown by the officer's statement and by defendant's admission is that the defendant was near the scene when the crime was committed. Pratt testified that he was grabbed by two men and the evidence shows that his watch was found soon after in the possession of Thomas. This proves conclusively, under the circumstances, that Pratt didn't give the watch to anyone and that it was forcibly taken from him.

■ The defendant's principle grounds for reversal are that all means of identification of Carter were absent; that when the offense occurred it was dark outdoors at the time, and there was no evidence of what Carter was wearing, his appearance or facial characteristics, his height, weight or even the color of his skin; that since there were two and possibly three offenders Pratt did not specifically identify the hat or jacket worn by Carter and further that Carter was not arrested on the scene.

The defendant relies strongly on the case of People v. Gold, 361 Ill 23, 196 NE 729. The facts in this case are readily distinguishable from the case at bar. In the Gold case the defendant who was charged with stealing a sewing machine from the trunk of a car was only seen from a distance. The statement given by one of the witnesses to the police differed materially from the testimony on the trial. Also, the evidence of defendant's good reputation, which was uncontroverted, and the evidence of alibi, which was substantiated by several credible, non-related witnesses, raised a reasonable doubt of defendant's guilt.

In the instant case, the evidence reveals the crime took place in a well-lighted area. Pratt identified Carter at the police station shortly after the robbery and particularly referred to his hat and jacket. The requirement that the defendant's guilt be proved beyond a reasonable doubt does not mean that the trier of fact must disregard the inferences which flow naturally from the evidence before him. People v. Owens, 23 Ill2d 534, 538, 179 NE2d 630; People v. Sullivan, 22 Ill2d 122, 124, 174 NE2d 860.

The testimony on behalf of the State, if believed by the trial judge, was clearly sufficient, in our opinion, to sustain the guilty finding. In People v. Mercado, 26 Ill2d 244, 186 NE2d 256, the Supreme Court said, on

■■■■■■■

p 246, "[w]e have repeatedly held that when a case is tried without a jury, it is primarily for the trial judge, who saw and heard the witnesses to determine the credibility of the witnesses and the weight to be accorded their testimony, and that this court will not set aside a conviction which depends on such matters unless it is necessary to prevent apparent injustice." (Citing cases.)

■ Finally, the defendant contends that the facts alleged in his petition in the nature of a Writ of Error Coram Nobis entitled him to a new trial and that the court erred in dismissing the petition. The petition set forth, amongst other things, that the defendant was only seventeen years of age at the time of trial, that he had not previously been arrested and due to the rapidity of events he could not investigate the charge brought against him; that the arrest record, description of the offenders as to apparel, height and weight, did not match the defendant. The record reveals the court considered the allegations in the petition and heard evidence. The complaining witness, Mr. Pratt, was interrogated by the defendant's new counsel who also filed the brief before us and by the Assistant State's Attorney. Mr. Pratt who was 72 years of age testified at this hearing which took place more than a month after the trial. Pratt appeared very confused. As for example, when he said, "I got nothing to do with guys. Only two. I point them out down at station. Them two guys. That's all."

At this post-trial hearing Pratt changed his prior testimony stating that the first time he saw Carter was at the police station and he was not one of the "two guys" who held him up. The trial judge who dismissed the petition was the same judge who found the defendant guilty in the first instance. The record shows that the trial judge considered the allegations in the petition, heard testimony, reviewed the evidence he heard

at the original trial and then denied the motion for a new trial. The participation in the crime by defendant and the identification were questions of fact which were adjudicated in the trial and later again considered by the court in view of the new testimony. Unless it clearly appears to us, which it does not, that the trial court has abused its power, it is not the province of a reviewing court to disturb its determination. The trial judge, in our opinion, gave Pratt's subsequent testimony the degree of credit which this testimony deserved. It is for the trial judge to determine the credibility of the witnesses and the weight to be accorded their testimony. The People v. Lucky, 21 Ill2d 501, 173 NE2d 432.

The judgment of the Municipal Court of Chicago is therefore affirmed.

Judgment affirmed.

ENGLISH, P. J. and MURPHY, J., concur.