**People of the State of Illinois, Plaintiff-Appellee, v. George Garkus, Defendant-Appellant.**

**Gen. No. 52,182.**

First District, Third Division.

February 6, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, George Garkus, was found guilty of theft, placed on probation for five years and ordered to make restitution of $350 at the rate of ten dollars per month. A year later a rule to show cause why his probation should not be revoked was served upon him and a hearing was held.

At the revocation hearing it was disclosed that three months after Garkus was placed on probation he was indicted on four charges of armed robbery and theft; that six months after receiving probation he was found guilty of theft and was sentenced to thirty days in the House of Correction; that he had not complied with the restitution order, and that there was pending against him a charge of possessing a hypodermic needle. When the hearing was completed the court vacated the probation and sentenced him to from three to ten years in the penitentiary.

The defendant complains that the sentence imposed upon him was too severe and not commensurate with the crime for which he had been convicted. He prays that the sentence be reduced to two to five years and that it be made to run concurrently with the sentences he received on the four indictments for armed robbery and theft mentioned above.

The armed robbery and theft cases are not before us and we know neither the facts nor the sentences imposed. We have no jurisdiction over them and have no authority to correlate the present case with them. We do have the authority to reduce the sentence in the case under consideration (Supreme Court Rule 615(b)(4)) but we do not believe a reduction is merited.

The punishment given the defendant was within the limits prescribed by the legislature (Ill Rev Stats 1965, c 38, par 16–1) and was imposed in accordance with the statute governing violations of probation (Ill Rev Stats

427

1967, c 38, par 117–3(d)). The trial court had placed the defendant on probation despite what was described as a "substantial criminal background." The court had warned the defendant that if the conditions of probation were violated it would not be sympathetic to him. Despite the court's leniency, he broke the terms of his probation by continuing to engage in criminal activities. The punishment imposed by the trial court was within its discretion and was fully warranted.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.