**People of the State of Illinois, Plaintiff-Appellee, v. Ralph Brower, Defendant-Appellant.**

**Gen. No. 53,280.**

First District, Second Division.

May 19, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Laurence J. Bolon, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook County revoking defendant's probation and sentencing him to a term of not less than ten nor more than twenty years in the Illinois State Penitentiary. Defendant contends that violation of probation was not proven by a preponderance of the evidence and that the sentence is excessive.

In June of 1967, defendant entered a plea of guilty to the offense of burglary as charged in indictment number 66–3548. Judgment was entered on the plea and defendant was admitted to probation for a period of five years upon the condition that the first year of probation be spent in the House of Correction and upon the further condition that restitution be made to the victim of the offense, defendant's uncle. While in the House of Correction, defendant agreed to perform certain undercover activities for the Chicago Police Department. Subsequently, the order admitting defendant to probation was amended, reducing the term of defendant's confinement from one year to seven months. Defendant was released and began his undercover activities in January of 1968.

Defendant was charged with two separate violations of probation. The first was an alleged aggravated assault, for which defendant had not yet been tried at the time of the hearing which resulted in the revocation of his probation. At the hearing on rule to show cause why defendant's probation should not be revoked, Kathleen Alksnis testified as follows. She is the sister of defendant's former girl friend. When defendant was placed on

probation and confined in the House of Correction, witness' sister took possession of his clothing. When defendant and a companion came to her home to retrieve the clothing, she, standing in the house at a window, refused to allow him to enter. Defendant's companion then returned to the car in which the pair had arrived, but defendant remained on the porch demanding entrance for the purpose of recovering his clothing. Following witness' continued refusal of his demands to enter, defendant drew a gun from his coat and pointed it toward her. He then turned it toward the porch and fired.

David Alksnis, brother of Kathleen Alksnis, also testified and substantially corroborated the above testimony of Kathleen.

Defendant contends that an aggravated assault was not proven by a preponderance of the evidence in that the testimony of Kathleen and David Alksnis is inherently unbelievable. He argues that "it would be foolish to presume" that a man who had just been released from jail would engage in conduct such as testified to by the witnesses Alksnis.

 We agree that the conduct attributed to defendant is not the product of sound judgment. We see no basis in the record, however, to establish the proposition that either one of the witnesses presented by the State was inherently unbelievable. Further, the fact that action of which the defendant stands accused did not constitute a logical course for a man in his position does not substantially undermine their testimony. When reviewing evidence in cases where the freedom of an individual hangs in the balance, courts of review are charged with great responsibility but there is no requirement that the established phenomena of irrational conduct and criminal recidivism be ignored in favor of a mandatory and irrebuttable presumption that men at all times act only in a logical, rational manner. Judges need be no more naive than other men.

358

■ ■ Defendant has also contended that the sentence imposed is excessive under the violation of probation statute (Ill Rev Stats, c 38, § 117–3 (1967)). Subsection (d) of that section provides:

> If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted.

Thus a sentence imposed after a finding of violation of probation can be deemed to exceed the limits of the above quoted section, only if that sentence exceeds that authorized for the offense of which the probationer was originally convicted. The penalty authorized for the offense of burglary is any indeterminate term with a minimum of not less than one year (Ill Rev Stats, c 38, § 19–1(b)). Since the sentence imposed by the trial court does not exceed the limits prescribed by section 19–1(b), it cannot be deemed excessive under section 117–3(d) and it will not be disturbed by this court. People v. Smith, 105 Ill App2d 14, 245 NE2d 13 (1969); People v. Garkus, 105 Ill App2d 426, 245 NE2d 653 (1969).

Defendant has also contended that the second violation of probation with which he was charged was not established by a preponderance of the evidence. In view of our findings that he was properly found in violation of probation on the basis of the charge of aggravated assault, and that the sentence imposed is not excessive, that issue cannot affect the disposition of the case and thus need not be discussed.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

McCORMICK, P. J. and BURKE, J., concur.