(No. 42760.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES MURDOCK, Appellant.

*Opinion filed May 21, 1971.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, LEE T. HETLINGER and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and BRENT F. CARLSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County defendant was found guilty of the crimes of murder, rape and burglary and sentenced to concurrent terms of not less than 75 nor more than 199 years on the murder conviction and not less than 50 nor more than 150 years on each of the convictions of rape and burglary. He raises several constitutional questions on direct appeal to this court. Supreme Court Rule 603.

In a prior appeal defendant's convictions were reversed and the cause was remanded for a new trial. (*People* v. *Murdock,* 39 Ill.2d 553.) The basis for reversal was that defendant had been denied due process of law because of

the People's intentional failure to disclose evidence favorable and material to his defense.

At the second trial the evidence disclosed that the victim Mrs. Alvina Godlewski, a widow, lived in quarters at the rear of her school supply and hobby store. She was last seen alive about 10:00 P.M. on May 6, 1964. About 2:00 P.M. on May 7, 1964, a neighbor, concerned because she had not opened her store, looked through an open window above the deceased's bed and discovered her body. The body was not covered by bed clothing, she was wearing a pajama top, but her pajama pants were hanging on the lower part of her right leg. Her pajamas were not torn. The findings of a pathologist who examined the body were that she had recently engaged in sexual intercourse and had consumed sufficient alcohol prior to her death to be near a state of intoxication. There were no bruises or evidence of trauma to her thighs or vagina, nor were traces of skin, hair or fibers found under her fingernails.

The cause of death was proved to be manual strangulation. Her left eye was blackened and there were numerous abrasions on her neck. The pathologist was unable to fix the time of death "with reasonable medical certainty."

When the police officers arrived at approximately 2:05 P.M. they found the front doors of the deceased's store locked. They gained entry with a key obtained from a neighbor and found the cash register in the store wide open, and the bedroom in the rear living quarters in disarray, apparently ransacked. The rear door was found locked, with the key in the lock. The doors were not equipped with automatic locks and keys were required to lock them.

The window near the bed upon which the body was found was open. A storm window which fit the open window was found resting against the outside of the building. On this storm window were found the fingerprints of defendant, along with other prints not clear enough to be identified.

Defendant, upon learning he was being sought, surrendered himself to the police. He testified he had trailed a drunk into the alley behind the deceased's store for the purpose of "rolling" him, but lost sight of him. He noticed the storm window resting next to the open window and after rattling the window to determine whether the deceased was asleep, climbed through the window, took some money from the victim's wallet, and from the cash register, and departed through the rear door. He testified the door was unlocked. He stated that the bedroom was in disarray, as if ransacked, and that Mrs. Godlewski seemed to be asleep, with the bed covers pulled up to her face. His testimony indicated this was in the early morning hours of May 7, 1964. He denied raping or murdering the deceased.

Defendant's prior convictions were reversed because the People improperly failed to disclose the fact that Mary Ann Panek, then 15 years of age, had made a statement, under oath, which might be favorable to defendant and material to his defense. At the second trial she could recall very little of what had occurred, and without objection, the defendant offered her sworn statement in evidence. She stated that on May 7, 1964, she had gone to a laundromat near her home. After leaving her clothes in the washing machine, she went to the Godlewski store and found the front doors locked. She returned about 15 minutes later to find one door unlocked. She entered through this door, walked toward the back of the store, and not seeing Mrs. Godlewski, left the store. She was not certain of the time of day but it was apparently around noon because afterward she and a friend spent approximately five hours downtown.

Defendant contends the intentional and improper concealment of Miss Panek's testimony caused a delay between indictment and trial so lengthy as to deprive him of due process. He argues that the passage of so long a period of time creates a presumption of prejudice, that no actual

prejudice need be proved, and the trial court erred in denying his petition for discharge.

The record shows that following remand new counsel was appointed, and the trial court considered and ruled upon a motion for discovery, and motions to suppress evidence and defendant's confession. The record does not reflect delay which in our opinion would require defendant's discharge, (See *Dickey* v. *Florida,* 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564; *People* v. *Jackson,* 35 Ill.2d 162) and the trial court correctly denied defendant's petition for discharge.

Defendant also contends that he has been denied due process because the testimony of Miss Panek, who was unable to recall events clearly enough to assist defendant in his defense, was forever lost to defendant. However, the trial court received in evidence her sworn statement which supported defendant's theory that the front door of the deceased's store was open during the day of May 7, 1964, prior to the discovery of the body. In our opinion there was not a denial of due process which would require reversal.

Defendant contends the judgment of the trial court cannot stand because it was based upon hearsay testimony. The neighbor who discovered the body testified during direct examination that another neighbor, who was not called as a witness, phoned her about 2:00 P.M. on May 7 and told her the deceased's store was not open yet and children were congregating in front of it. Defendant objected to this as hearsay, but it was admitted when the assistant State's Attorney stated it was being introduced, not to prove the truthfulness of the statement, but rather to explain why the witness went to look for Mrs. Godlewski. Defendant argues that the statements of the trial judge made at the time of announcing his decision show that he found that the store had not been opened on May 7th prior to the time it was entered by the police, and his finding is based solely upon

the hearsay testimony. We have examined his statements and do not find that this was the basis for his finding. There was ample evidence other than that of which defendant complains to support the finding and its consideration by the trial court was not reversible error.

Defendant contends further that the evidence of rape and murder is not sufficient to prove him guilty beyond a reasonable doubt. He argues that the evidence clearly supports a hypothesis reasonably consistent with his innocence, and does not meet the requirement that to convict upon circumstantial evidence the facts proved must not only be consistent with his guilt but must be inconsistent with any reasonable hypothesis of his innocence. He argues that the evidence is consistent with the hypothesis that someone, presumably a lover, in possession of keys with which to lock and unlock the doors of the building, had visited the deceased and he, or someone who gained access through an unlocked front door, or perhaps, the window, had committed the rape and murder. He points out that there is no evidence of forced sexual intercourse, no bruising in the vaginal area, no tearing of bed clothes and no evidence of a struggle such as the presence of skin or hair under her fingernails. He states that these facts, when considered in connection with the evidence of intoxication and the testimony that when the police entered, a radio was playing softly, show that someone, other than defendant, could have been in Mrs. Godlewski's home and engaged in sexual intercourse with her. He reasons that under these circumstances it is to be reasonably hypothesized that someone other than defendant could have murdered her.

Defendant's testimony shows he was present in the premises and committed the crime of burglary. With respect to the other offenses charged, it is true that the facts proved must be consistent with defendant's guilt and inconsistent with any reasonable hypothesis of innocence. This, however, does not require that guilt be proved beyond any possibility

of a doubt. (*People* v. *Hanson,* 359 Ill. 266; *People* v. *Branion,* 47 Ill.2d 70.) Our examination of the record leads us to conclude that the evidence is sufficient to support the judgments and they are, therefore, affirmed.

*Judgments affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.