THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS M. HAYES, Defendant-Appellant.

(No. 56083;

First District—April 7, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Brian D. Alpert, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

At the conclusion of a bench trial defendant was found guilty of aggravated battery and placed on probation for five years with the first ten months to be spent in the County Jail. On appeal defendant contends that he was not proven guilty beyond a reasonable doubt.

The evidence presented by the State is summarized as follows:

Gwendolyn Ross, who was 14 years old, testified that at approximately 8:20 P.M. on November 21, 1969, she was walking on the south side of 71st Street near Justine. Defendant, whom she saw earlier that evening and several times on previous occasions, was on the north side of 71st Street at Justine. "About a second" before witness was shot, she saw defendant with a shotgun in his hand. He said "Stone, Stone" and shot her in the head, arm, back and hip as she started to leave the scene. Just before she was shot she heard someone say, "Walk it off." After she was shot she ran to a friend's house and the police were called. The area where the shooting occurred had street lights. On cross-examination witness testified that when she saw defendant on the north side of 71st Street he was with approximately ten boys his age. She also testified on cross-examination that when she was shot she was walking away from defendant with her back to him, and she did not know who shot her.

Police Officer William Jordan testified that in his investigation of the

shooting at 71st Street and Justine he talked to several people including Gwendolyn Ross. As a result of his investigation he arrested four people, one of whom was defendant.

The only defense witness, Tyrone Stewart, testified that he was at 71st Place and Laflin * at approximately 8:00 P.M. on November 21, 1969. Gwendolyn Ross and defendant were also there, but they were with separate groups. Just prior to the shooting defendant gave Charles Smith a shotgun. Stewart, a member of the "Gangsters", and defendant, a member of the "Stones", were talking about joining gangs when some of Stewart's "people" came upon the scene. Defendant departed and Smith shot Gwendolyn Ross and Stewart, Stewart being shot in the back of the head. However, Stewart signed an aggravated battery complaint against defendant.

*Opinion*

Defendant, contending that he was not proven guilty beyond a reasonable doubt, urges that the circumstantial evidence presented by the State does not prove his guilt beyond a reasonable doubt. He bases this contention upon: Gwendolyn Ross' testimony on cross-examination that she did not know who shot her; the testimony of the defense witness who exonerated defendant or at least rebutted the inference raised by the State's circumstantial evidence; the arrest of others in connection with the shooting; and an alleged adverse inference drawn against the State for its failure to call other available eyewitnesses. In sum, defendant contends that all of the abovementioned factors not only show that he was not proven guilty beyond a reasonable doubt, they give rise to a reasonable hypothesis that someone other than defendant shot Ross.

■■ Referring to circumstantial evidence the court in *People v. Lacey* (1968), 93 Ill.App.2d 430, 434, 235 N.E.2d 649, 651 said:

But circumstantial evidence is legal evidence which will support a conviction, it being necessary only that the circumstances proved be of a conclusive nature and tendency leading, on the whole, to a satisfactory conclusion and producing a reasonable certainty that the accused and no one else committed the crime ( Citing cases). Where such evidence is of so strong and convincing a character as to satisfy the jury of the guilt of an accused beyond a reasonable doubt, its verdict must be sustained (*People v. Wilson,* 387 Ill. 563, 56 N.E.2d 630). It is only where a conviction rests on circumstantial evidence that raises little more than a suspicion against an accused and leaves a grave and serious doubt of guilt, that a court of review is justified in disturbing a jury's verdict (*People v. Dougard,* 16 Ill.2d 603, 158 N.E.2d 596).

---

* Ross testified that Laflin was "the next street over" from Justine.

While the evidence must be consistent with defendant's guilt and inconsistent with any reasonable hypothesis of innocence, *People v. Murdock* (1971), 48 Ill.2d 362, 367, 270 N.E.2d 21, 24; *People v. Branion* (1970), 47 Ill.2d 70, 77, 265 N.E.2d 1, 5, *cert.* denied (1971), 403 U.S. 907, the trier of fact is not required to search out a series of potential explanations compatible with innocence and elevate them to the status of reasonable doubt, *People v. Owens* (1962), 23 Ill.2d 534, 538, 179 N.E.2d 630, 632, *cert.* denied (1962), 370 U.S. 947; *People v. Russell* (1959), 17 Ill.2d 328, 331, 161 N.E.2d 309, 311; and the trier of fact does not have to disregard the inferences that flow normally from the evidence. *People v. Brown* (1963), 27 Ill.2d 23, 26, 187 N.E.2d 728, 730, *cert.* denied (1963), 374 U.S. 854; *People v. Russell, supra.*

■■ The evidence in this case clearly shows that immediately before Gwendolyn Ross was shot she saw defendant holding a shotgun. She heard some shouts, started to leave the scene, and was shot. Although she admitted on cross-examination that she did not know who shot her, she testified on direct examination that she was shot by defendant and the reasonable inference to be drawn from her narration of the events surrounding the shooting is that she was shot by defendant. Although defendant attempted to rebut that inference by introducing Stewart's testimony that Smith shot her, Stewart's testimony is discredited by the same theory used by the defense to discredit Gwendolyn Ross' testimony, *i.e.,* because the witness was shot in the back, he did not see who shot him. Stewart's testimony was also discredited by his admission that he signed an aggravated battery complaint against defendant. The fact that the police arrested three people other than defendant for this crime has no discrediting effect uon the substance of the State's case as those arrests are of no probative value herein.

■■ In a like manner defendant cannot contend that a failure of the State to call available eyewitnesses gives rise to an inference adverse to the State's theory of the case. In *People v. Nowak* (1970), 45 Ill.2d 158, 168, 258 N.E.2d 313, 318, the court pointed out that the State, in proving its case, is not obliged to call all of the witnesses to a crime. In *Nowak,* as in the instant case, the witnesses were known and available to the defense, and the defense could have called upon them to testify as defense witnesses or possibly as court's witnesses. Having failed to do so defendant cannot claim prejudice on account of the State's failure to use their testimony.

■■ After reviewing the entire record in this case we must affirm, as it is the function of the trier of fact to determine the credibility of the witnesses and that court's finding of guilt will be reversed only where the evidence is so unsatisfactory as to leave a reasonable doubt of de-

fendant's guilt. (*People v. Morehead* (1970), 45 Ill.2d 326, 329, 259 N.E.2d 8, 10, *cert.* denied (1970), 400 U.S. 945.) Such is not the case herein.

The judgment is affirmed.

DRUCKER and ENGLISH, JJ., concur.