THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD HOLLAND, Defendant-Appellant.

(No. 56085;

First District (3rd Division)—April 12, 1973.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty and Shelvin Singer, Assistant Public Defenders, of counsel,) for appellant.

592

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Frederic I. Chaimson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The defendant, Richard Holland, was charged by a three count indictment with murder (Ill. Rev. Stat. 1969, ch. 38, par. 9—1) and involuntary manslaughter (Ill. Rev. Stat. 1969, ch. 38, par. 9—3). At a bench trial in the circuit court of Cook County, the court found defendant guilty of involuntary manslaughter and sentenced him to a term of two to six years in the penitentiary. The defendant appeals.

The defendant raises three issues for our consideration. (1) He contends that the prosecution failed to prove the existence of a criminal agency which caused the death of the deceased. (2) He contends that the prosecution did not prove him guilty beyond a reasonable doubt. (3) He contends that the trial court erred in admitting evidence of his prior misconduct and that the admission of such evidence was prejudicial to his right to a fair trial.

We affirm.

Deceased, Alison Neeley, was the step-daughter of the defendant, Richard Holland. Mrs. Holland also had two other children whose father was the defendant. At the time of Alison's death, she was two years old. The two other children were younger than Alison. The five people lived together in a single family residence at 7114 South Carpenter Street in Chicago. The defendant and his wife, the complaining witness in this case, had been married about five months previous to Alison's death.

Mrs. Holland testified that on February 24, 1970, the three children were at home taking their afternoon nap when she and her husband had a quarrel. He hit her, and she ran out of the house and went to her girl friend's residence a few houses away on Carpenter Street. She arrived at her friend's house at about 1:30 P.M. About 20 to 25 minutes later, the defendant came over to where his wife was, but she refused to talk to him directly, and they exchanged words through her friend who served as intermediary. After a brief conversation, Mrs. Holland told her husband to go home because the children were alone, and he left. Mrs. Holland watched the defendant through a window and saw him go into their house.

Mrs. Holland further testified that a short time after her husband's visit she received a telephone call from him at her friend's house. He was calling from a nearby tavern, because there was no telephone at their residence. He told her that someone had broken into the house, and all

the children were unconscious. Mrs. Holland maintained that she saw her husband leave the house before she received the call.

Mrs. Holland returned to her house, and the police, who had arrived earlier in response to her husband's call, let her in. She found Alison, the deceased, in bed in her bedroom but was unable to awaken her. She noticed a small amount of blood coming from Alison's nose and mouth. Mrs. Holland also noticed Alison was not wearing the same clothes she was wearing when Mrs. Holland left the house that afternoon. Later she found the child's original clothes soaking with some other clothes in the bathtub. Cindy, the other child who was sleeping in the bedroom, was not harmed, nor was the third child who was in the house.

An ambulance took Alison to the hospital, and she died two days later. Dr. Edward Shalgos, a pathologist in the office of the Coroner of Cook County, testified that the cause of death was a cerebral concussion complicated by the presence of a not visibly compressive subdural hematoma which was related to the application of a harmful force to the back of the head. The doctor testified that a blow from an open or closed hand could have caused the injury or it could have resulted from a fall.

Mrs. Holland testified that the defendant had struck or beat the deceased on three prior occasions. Three or four months before Alison's death, Mrs. Holland noticed that Alison had a hand print on the side of her face. On another occasion, after Alison had been with her father, Mrs. Holland observed that Alison had a split lip and was bleeding from the mouth. On the third occasion, in December, 1969, Mrs. Holland saw the defendant rip a dress off Alison when she was having trouble undressing the child and saw him pull some hair out of her head. None of these incidents required a doctor's treatment.

Joseph Cominsky, a Chicago Police Officer in the evidence technician section, and Raymond Latimer, a police investigator in the Chicago Police Department, testified that upon examination of the house, they found no evidence of forcible entry. Defendant maintained to the police officers that there had been a burglary and that it had occurred through the kitchen door. Investigation revealed that both locks on the kitchen door were intact, but that the chain on the top of the kitchen door was broken. Officer Cominsky testified that at the scene he told the defendant that he did not believe there had been a burglary. On cross-examination of Officer Cominsky, defense counsel established that if the kitchen door had been open except for the chain, an external force could have accounted for the broken chain. Mrs. Holland testified that nothing was missing from the house and that there was no damage.

That having been substantially the evidence which the prosecution

presented, at the close of its case the trial court directed a finding of not guilty as to counts one and two of the indictment which charged murder. The defendant offered no witnesses; and at the close of defendant's case, the court found him guilty of manslaughter.

Defendant's first contention is that the prosecution failed to establish that a criminal agency produced the death of Alison Neeley, and that therefore it failed to prove that a specific crime had been committed. Defendant claims that there were two equally possible explanations for the injury which caused Alison's death: (1) someone struck her on the head, and (2) she accidentally fell and struck her head on an object. We reject the argument that both explanations are equally possible.

■■ In order to sustain the conviction, the prosecution must prove beyond a reasonable doubt that a criminal agency produced death. (*People v. Manske* (1948), 399 Ill. 176, 77 N.E.2d 164.) The fact of criminal agency may be shown by circumstantial evidence. (*People v. Winstead* (1967), 90 Ill.App.2d 167, 234 N.E.2d 175.) Dr. Shalgos testified that the injury which caused death could have been the result of an accidental fall. When viewed in connection wtih the other evidence in the case, however, this explanation becomes highly unlikely. Mrs. Holland found Alison in bed injured, and she noticed that she was wearing different clothing from that which she was wearing earlier in the afternoon. It seems highly unlikely that a two year old child could have changed her own clothes and put them into a bathtub. It also seems highly unlikely that a two year old child could sustain a severe head injury while not in bed and then crawl back into bed, where Mrs. Holland found her. Equally unlikely is the possibility that Alison struck her head accidently against part of the bed while she was on it. We think that the prosecution sustained its burden of establishing criminal agency. We reject the arguments that Alison changed her own clothes and that an accidental fall caused the injury.

The defendant's second contention is that the prosecution failed to prove him guilty beyond a reasonable doubt. Defendant maintains that hypotheses exist which are consistent with his innocence. One claim which we have already rejected is that the injury was accidental. Defendant also claims that the injury could have occurred in the course of a burglary. We find this explanation to be unreasonable.

In *People v. Hayes* (1972), 4 Ill.App.3d 997, 282 N.E.2d 777, the court affirmed defendant's conviction for aggravated battery based on circumstantial evidence. As to the sufficiency of the evidence, the court said:

"While the evidence must be consistent with defendant's guilt and inconsistent with any reasonable hypothesis of innocence, [cases omitted], the trier of fact is not required to search out a series of

potential explanations compatible with innocence and elevate them to the status of reasonable doubt, [cases omitted]; and the trier of fact does not have to disregard the inferences that flow normally from the evidence. [Cases omitted.]" 4 Ill.App.3d 997, 1000, 282 N.E.2d 777, 779.

■■ Defendant relies on *People v. Holtz* (1920), 294 Ill. 143, 128 N.E. 341, an instance in which the court reversed a murder conviction which was based on circumstantial evidence because a reasonable hypothesis consistent with defendant's innocence existed. The court found that there was a reasonable hypothesis that an intruder in the house had committed the killing and that this explanation was just as reasonable as the explanation that one of the codefendants shot her husband. In the instant case the testimony of the police officers revealed that there was no indication of forcible entry anywhere in the house except for the broken chain on the kitchen door. Nothing was taken and only one of the three children was injured. The trial court properly disregarded the burglary hypothesis as unreasonable.

■■ The court was justified in finding that the defendant caused Alison's death. The record shows that except for a brief period of time, the defendant was at home alone with the children between the time Mrs. Holland left the house and the time defendant left the house in order to call the police. One of the inferences that the trial court could have properly drawn from the evidence was that the defendant touched Alison during this time. The three previous beatings show repeated mistreatment on the part of the defendant. The court could infer the manner of death and the means by which it was inflicted from the evidence. *People v. Winstead* (1967), 90 Ill.App.2d 167, 234 N.E.2d 175.

The defendant's final contention is that the court erred in admitting evidence of prior instances of misconduct in which the defendant struck the deceased in the head. Although our search discloses no Illinois case which specifically decides this issue, Illinois courts have sanctioned the use of evidence of parent's prior acts of misconduct in cases in which the death of children was the result of the parent's behavior. (*People v. Bartell* (1944), 386 Ill. 483, 54 N.E.2d 700, *cert. den.* 324 U.S. 842; *People v. Brown* (1967), 83 Ill.App.2d 411, 228 N.E.2d 495; *People v. Huff* (1963), 29 Ill.2d 315, 194 N.E.2d 230.) In the cases cited, the courts affirmed convictions for manslaughter which were based on circumstantial evidence, and the prior misconduct of a parent was part of the circumstantial evidence which was presented.

In *People v. Brommel* (1961), 56 C.2d 629, 15 Cal.Rptr. 909, 364 P.2d 845, the California Supreme Court passed on the issue now before us. Over defendant's objection the court admitted evidence relating to prior

beatings of the child by her father. In affirming defendant's conviction for second degree murder of the child, the court stated:

> "The case against defendant depended upon circumstantial evidence and the challenged evidence falls within the exception to the rule allowing its admission as material to show motive, intent, and the general scheme of defendant's continued course of conduct [cases omitted]." 56 C.2d 629, 635, 15 Cal.Rptr. 909, 912, 364 P.2d 845, 848.

■■ In the instant case the evidence of three instances of abusive treatment of the deceased shows a continued course of conduct which is consistent with the victim's injuries and relevant to the manner in which the deceased was killed. The instances of striking the child in the head took place over a three to four month period preceding the death of the child. We find that the evidence was of probative value to show that the defendant killed the deceased and was admissible to show the general scheme of defendant's course of conduct toward the child.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.