(No. 32779.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES R. CARROLL, Plaintiff in Error.

*Opinion filed November 18, 1953.*

JAMES R. CARROLL, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a writ of error to review a judgment of the criminal court of Cook County convicting James R. Carroll, plaintiff in error, of the crime of robbery and sentencing him to imprisonment in the penitentiary for a term of three to twenty years, the judgment directing that said sentence should be cumulative and consecutive to a like sentence imposed in another cause.

Facts pertinent to the issues now raised show that an indictment returned to the criminal court in cause No. 47-1745 charged plaintiff in error with robbery. He pleaded guilty, judgment of conviction was entered on the plea, and, after hearing, he was admitted to probation for two years and the cause continued for that period. On June 2, 1949, before the probationary period had expired, an indictment returned to the same court in cause No. 49-1101 charged him with a separate and distinct crime of robbery, alleged to have occurred on May 24, 1949. He entered a plea of not guilty but subsequently, on June 16, 1949, withdrew such plea and entered a plea of guilty upon which the court entered judgment. His application for probation in this cause was denied. On June 24, 1949, the court conducted a hearing in which it was determined that plaintiff in error had violated the terms of his probation in cause No. 47-1745. At its conclusion, probation was revoked and the court sentenced plaintiff in error to the penitentiary for a term of three to twenty years. Thereafter, on the

same day, the court entered judgment order of sentence in cause No. 49-1101 sentencing plaintiff in error to the penitentiary for another term of three to twenty years, definitely and certainly providing (See: *People* v. *Dennison,* 399 Ill. 484,) that the latter term should be cumulative and consecutive to the sentence of imprisonment imposed in cause No. 47-1745.

Appearing *pro se* and presenting only the common-law record, plaintiff in error prosecutes this writ contending that the second sentence, imposed in cause No. 49-1101, is void. In an argument which draws freely from unrelated decisions and legal maxims, he contends that the rules governing the imposition of cumulative or consecutive sentences are established by sections 34 and 35 of the Habeas Corpus Act; (Ill. Rev. Stat. 1949, chap. 65, pars. 34 and 35,) that the trial court did not adhere to the rules of procedure therein prescribed and thus deprived him of his constitutional right of due process of law. Briefly, section 34 empowers courts to issue a writ of *habeas corpus* to bring prisoners before them for trial of any criminal charges lawfully pending against a prisoner in the same court. Section 35 provides for the remand of such prisoners to the place of confinement from whence they were taken. Assuming that these sections were applicable to the trial of the charges against him, plaintiff in error interprets them to mean that a court does not have jurisdiction to impose consecutive sentences on the same day for separate and distinct charges and urges that the proper procedure is for the court to first convict and imprison on one charge, then return the accused from prison by *habeas corpus* at a later date, for trial on a second charge.

The ingenious contentions advanced are fully without merit. The Habeas Corpus Act, upon which plaintiff in error relies, establishes the practice and procedure only for *habeas corpus* proceedings and thus has no application in this cause and no bearing upon the trial court's jurisdiction

over the plaintiff in error. It is stated in *People* v. *Decker*, 347 Ill. 258, (p. 261) that: "Jurisdiction to inflict cumulative punishment does not depend on whether both convictions shall be before the same tribunal, but whether the accused has, in fact, committed distinct violations of the law which merit separate, and therefore cumulative, penalties." In the present case, the distinct criminal charges meriting separate penalties were returned against plaintiff in error in the same tribunal and it had jurisdiction both of his person and of the subject matter. From such circumstances it must be concluded that the trial court had jurisdiction to impose cumulative penalties.

Although the records of this court establish that it is a common occurrence, we have found no decision treating upon the propriety of imposing consecutive sentences upon an accused on the same day. Borrowing a phrase from recent divorce legislation, plaintiff in error argues that there should be a "cooling-off" period between separate trials and the imposition of separate penalties, his inference being that a defendant might be prejudiced otherwise. Such matters of trial are within the province of the court before whom the causes are tried and this court will not interfere unless it is demonstrated that the court has abused its discretion in such matters and the accused is prejudiced thereby. The record here shows neither an abuse of discretion nor prejudice to plaintiff in error. It reflects rather that plaintiff in error was given ample opportunity to defend against the second charge against him; that counsel was appointed to assist him; that he persisted in a plea of guilty although fully admonished by the court; and that the sentence imposed by the court was within the limits prescribed by law. Nothing in the record supports the suggestion that the cumulative sentence resulted from the passion or prejudice of the court, nor may such conditions be inferred, for the court below is presumed to have performed its judicial function without favor or bias.

The facts show, too, that plaintiff in error was present in court and nothing further remained to be done in the trial of the second charge against him but the imposition of sentence. To hold, as plaintiff in error contends, that consecutive sentences cannot be imposed until after there has been imprisonment under the first of such sentences, would be to create a rule which would serve only to harass and delay the administration of justice. It is our opinion that the trial court did not abuse its discretion in proceeding as it did.

Plaintiff in error's final contention is that his appointed counsel was incompetent because he did not challenge the court's jurisdiction to impose a cumulative sentence. In view of what has been said before, we must hold this contention without merit.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*