(No. 33596.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLARD RAINEY, Plaintiff in Error.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

WILLARD RAINEY, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The plaintiff in error, Willard Rainey, herein called defendant, seeks the reversal of a judgment of the crim-

inal court of Cook County, which upon his plea of guilty found him guilty of murder and sentenced him to 45 years in the penitentiary, said sentence to run consecutively to a sentence of seven years previously imposed on the defendant for the crime of rape.

Appearing *pro se,* the defendant relies solely upon the common-law record, having filed no bill of exceptions. He asserts that the imposition of cumulative sentences was unauthorized by law and deprived him of rights guaranteed by the Illinois and Federal constitutions. However, it has long been the rule in this State that a court may, in its discretion, impose consecutive sentences where the accused has committed separate and distinct offenses. See, for example, *People* v. *Vraniak,* 5 Ill. 2d 384, and *People* v. *Carroll,* 1 Ill. 2d 359. Thus, the imposition of sentence upon defendant's plea of guilty to the crime of murder, whereby such sentence was made consecutive to that imposed upon his rape conviction, did not constitute error.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*