(No. 37141.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS NELSON, Plaintiff in Error.

*Opinion filed November 30, 1962.*

LOUIS NELSON, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA, Assistant State's Attorney, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Defendant Louis Nelson pleaded guilty on May 26,

1955, to the crime of assault with intent to commit murder before the criminal court of Cook County. On June 16, 1955, he was placed on probation for a five-year period, and required to serve the first 90 days thereof in the county jail. While defendant was still on probation he was indicted on June 12, 1958, for the murder of his estranged wife. Pursuant to his plea of guilty to involuntary manslaughter in that cause, defendant was on August 11, 1958, sentenced to the Illinois State Penitentiary for a term of not less than 6 nor more than 10 years. Pending the disposition of the murder charge, however, an order was entered for defendant to show cause why his probation, in connection with the prior crime, should not be revoked. At the hearing thereon on September 17, 1958, the court revoked defendant's probation and sentenced him upon his original conviction to a term of not less than 5 years nor more than 14 years, to commence after the expiration of his sentence for manslaughter. From that judgment and sentence, defendant has prosecuted this writ of error.

Defendant, appearing *pro se,* contends that the consecutive sentence is not authorized by statute and violates constitutional doctrines of separation of powers and due process; and that the failure to apprise him of the possibility of a consecutive sentence violated the requirement of the Criminal Code that a defendant be advised of the full extent of his plea of guilty. Ill. Rev. Stat. 1955, chap. 38, par. 732.

With reference to the propriety of imposing a consecutive sentence, this court has consistently adhered to the common-law rule that a trial court may, in its discretion, impose consecutive sentences where the accused has, in fact, committed separate and distinct violations of the law. (*People* v. *Rainey,* 7 Ill.2d 358; *Johnson* v. *People,* 83 Ill. 431.) We will not interfere with the exercise of that discretion unless it appears that it has been abused, and that

the accused is prejudiced. (*People* v. *Carroll,* 1 Ill.2d 359, 361.) Moreover, we have specifically rejected defendant's contention that the imposition of consecutive sentences violates the constitutional doctrine of separation of powers (*People* v. *Vraniak,* 5 Ill.2d 384, 388); and we perceive no infringement of any other constitutional guarantees.

In determining the propriety of the consecutive sentence imposed herein on September 17, 1958, it is undisputed that defendant was convicted of the crime of assault with intent to commit murder on May 26, 1955; that his probation was justifiably revoked, and a term of imprisonment designated by the court was within the statutory limits prescribed for that crime (Ill. Rev. Stat. 1955, chap. 38, par. 58); and that at the time of the revocation hearing defendant was under sentence for the entirely separate crime of involuntary manslaughter for which he had been convicted on August 11, 1958. Under those circumstances, there was a proper basis for imposing a consecutive sentence, and such action by the trial court could in no way be deemed an abuse of discretion to warrant reversal of this cause.

Defendant asserts as a further ground for reversal that he was not properly apprised of the full extent of his original plea of guilty, as required by the Criminal Code, since the court did not inform him that a consecutive sentence could be imposed. This court has consistently given effect to the mandate in the Criminal Code requiring that a plea of "guilty" shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea. (Ill. Rev. Stat. 1955, chap. 38, par. 732; *People* v. *Outten,* 22 Ill.2d 146, 149; *People* v. *Domico,* 15 Ill.2d 590.) However, in the case at bar, the common-law record shows that defendant was represented by counsel when the plea of guilty was entered on May 26, 1955, and that defendant persisted in his plea of guilty after he was apprised of the consequences of his plea, and the

penalty provided by law. The trial court could not have anticipated at that time that defendant would commit the crime of involuntary manslaughter, or any other crime in the future, to warrant the inclusion of a reference to a possible consecutive sentence. There is no requirement that the court must, before accepting a plea of guilty, contemplate and apprise defendant of all future contingencies which could conceivably affect his sentence. (Ill. Rev. Stat. 1955, chap. 110, par. 101.26.) Therefore, the fact that the court made no reference to a possible consecutive sentence at the time defendant's plea of guilty was entered on May 26, 1955, could in no way be deemed a violation of the Criminal Code and ground for reversal.

Nor was any such reference necessary or appropriate at the hearing on September 17, 1958, when the imprisonment was imposed, as defendant contends. The issue at that hearing was whether defendant's probation should be revoked, and not whether he was guilty or innocent of the crime as charged. Judgment had already been entered on his plea of guilty on May 26, 1955, and could not be set aside at defendant's whim. The fact that defendant was originally entitled to an explanation of the consequences of entering a plea of guilty in no way entitled him to withdraw and reweigh that plea after judgment, in the light of his own subsequent violations of the law. Therefore, in our judgment the trial court in no way failed to properly apprise defendant of the consequences of his plea of guilty.

In the absence of any legally sufficient grounds for reversal, the conviction and sentence imposed by the trial court must be affirmed.

*Judgment affirmed.*