THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* COURTLAND MAY, Defendant-Appellant.

(No. 54754;

First District—April 8, 1971.

Gerald W. Getty, Public Defender, of Chicago, (John T. Moran and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen R. Kramer, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal of an order of the Circuit Court which revoked the defendant's probation and imposed a sentence pursuant to Ill. Rev. Stat. (1969) ch. 38, par. 117—3 (d).

We affirm.

In November, 1965, in the Circuit Court of Cook County, the defendant pleaded guilty to a charge of burglary and was placed on probation for five years. Because that conviction constituted a violation of an Indiana parole, he was returned to that state to serve the remaining two years of a ten year sentence. After being released from the Indiana prison in 1967, defendant returned to reside in Illinois. In July of 1969 defendant pleaded guilty to new charges of robbery, possession of burglary tools, unlawful use of weapons, and burglary. He was sentenced to from three to five years in the Penitentiary, all sentences to run concurrently. On September 10, 1969, the Circuit Court revoked the 1965 probation due to the July, 1969, convictions, and sentenced the defendant to three to ten years in the Penitentiary to run consecutive to the July, 1969, sentences.

Defendant argues on appeal that the court sentenced him for the offenses which led to the revocation of his probation, rather than for the offense which led to the probation itself. Defendant predicates this allegation upon the following language of the court at the revocation and sentencing hearing:

"[H]e is being punished for several things, for having been involved in one robbery, and three burglaries to which he pled guilty after having been convicted of a serious crime many years ago, and then another serious crime of burglary before this Court and I placed him on probation, and his response to that, knowing that he had this probation, this probation to comply with, he became involved with the series of four crimes. I don't know if he is a gun expert or not, but that would not excuse him carrying a revolver in the car which he was riding with a man that according to the report of the probation office was his co-partner, co-participant in these crimes; and there was another gun in the car. He admitted that it didn't belong to him. But he was not out taking the gun to the gun shop. They were armed with the potential to kill people. This is very serious." R. 22-3

■■■ A careful study of the record, however, causes us to interpret this in a different manner. The phrase quoted was spoken to the defendant's mother who was witness at the hearing and who attempted to explain her son's carrying a gun in terms of the influence of defendant's father, a collector of guns, and defendant's consequent familiarity with guns. The judge replied, "I didn't know he was familiar with guns, and

*he is not being punished for that; he is being punished* \* \* \*". Because the court had been discussing the offenses to which defendant pleaded guilty in July, and the sentences handed down at that trial, it was the July 1969 "punishment" which was being referred to, rather than (as defendant would have us believe) the punishment the court was about to impose for the 1965 burglary.

■■ The procedure to be followed in a hearing to revoke probation is set out in part at Ill. Rev. Stat. (1968), ch. 38, par. 117—3(d):

"If the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted."

In the case at bar, defendant was placed on probation for the offense of burglary. (Ill. Rev. Stat. 1963, ch. 38, par. 19—1.) A sentence of from three to ten years in the Penitentiary is within the sentencing standards established by the leglislature for that crime. The imposition of a consecutive, rather than a concurrent, sentence is within the discretion of the court. When defendant was placed on probation in 1965, he was on parole for another charge of the same nature. In view of the defendant's criminal background, we cannot say that the court's decision to impose a consecutive sentence was an abuse of its discretion, nor that a sentence of three to ten years was unwarranted by the facts of the case.

If a sentence is within the trial court's discretion, and is warranted, it should not be modified on review. (*People v. Smith* (1969), 105 Ill.App. 2d 14, 245 N.E.2d 13; *People v. Brower* (1970), 124 Ill.App.2d 356, 260 N.E.2d 463.) Therefore, we affirm the order of the court below.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.