The People of the State of Illinois, Plaintiff-Appellee, v. Michael Jackson, Defendant-Appellant.

(Nos. 55217, 55428 cons.;

First District (3rd Division)—July 5, 1973.

Gerald W. Getty, Public Defender, of Chicago, (James N. Gramenos, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Mark T. Zubor, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

The defendant, Michael Jackson, appeals from a trial court order revoking his probation and sentencing him to the penitentiary for a term of two to ten years. His contentions in this court relate to the propriety of his sentence: the sentence should have been concurrent with those he received for other offenses committed during the period of his probation and the maximum penalty should have been fixed at five years.

Jackson was indicted for the offense of aggravated battery (Ill. Rev. Stat. 1967, ch. 38, par. 12—4) in that he committed a battery which caused great bodily harm to Brenda Brumfield. Before accepting his plea of guilty the court admonished him of his right to a trial by jury and the possible punishment. The court stated:

> "Now, on your plea of guilty, I could sentence you to the penitentiary for not less than one year nor more than five years. Knowing this, do you still want to plead guilty?"

Jackson answered, "Yes sir." It was stipulated that the complaining witness would testify that the defendant struck her without justification and fractured her left eye socket. Judgment was entered on the plea and a hearing in aggravation and mitigation was conducted. The court placed Jackson on probation for two years.

Approximately one year later, a rule to show cause why his probation should not be terminated was issued. During the revocation hearing the court was made aware that while on probation Jackson had pleaded guilty to robbery and auto theft and had been sentenced to the penitentiary for a term of one to three years. The judge who had sentenced him was cognizant of the possibility of further punishment being imposed for violation of probation and expressed his concern over a lengthy confinement in the penitentiary, the helpfulness of a period of supervision under parole and the best interest of the defendant. Upon the con-

clusion of the revocation hearing the court vacated Jackson's probation and sentenced him for a term of two to ten years; the sentence was not to commence until the expiration of the sentences for theft and robbery. ■■ Jackson's contention that his sentence should have been concurrent with the penalty imposed upon him in the cases which led to the revocation of his probation is without legal foundation. The observations of the judge who sentenced Jackson for auto theft and robbery were not binding upon the judge who revoked his probation. It is within the court's discretion to order the imprisonment for one offense to be consecutive to the term of imprisonment for another offense which did not result from the same conduct. (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(m); *People v. Pearson* (1972), 52 Ill.2d 260, 287 N.E.2d 715.) There was a proper basis for imposing a consecutive sentence following the revocation of probation and there was no abuse of discretion in doing so when the defendant was already under sentence for entirely distinct criminal conduct. (*People v. Nelson* (1962), 26 Ill.2d 337, 186 N.E.2d 362; *People v. May* (1971), 132 Ill.App.2d 766, 270 N.E.2d 440.) The imposition of the consecutive sentence is affirmed.

Jackson's second contention is that it was error to sentence him to a term of two to ten years because he was admonished on his guilty plea that the statutory penalty for aggravated battery was one to five years. He urges a reduction of the maximum penalty to the term of the court's admonishment or, in the alternative, to be allowed to plead anew. Essentially, he contends that he relied upon the court's statement and that it formed the basis of his guilty plea. The state counters his contention with a three-pronged argument: the aggravated battery statute, as applicable, mandates a one to ten-year sentence; the punishment does not exceed the statutory maximum, and the defendant was not prejudiced by the admonishment because he originally received lenient treatment in the form of probation.

■■ Once there has been a determination that a defendant has violated a condition of probation, a court may imprison him for a term not to exceed the maximum penalty for the offense which resulted in his conviction. (Ill. Rev. Stat. 1967, ch. 38, par. 117—3(d); *People v. Smith* (1969), 105 Ill.App.2d 14, 245 N.E.2d 13.) The disparity between original sentence of probation and the subsequent term in this case does not indicate, nor does the defendant contend, that the court punished him for the crimes he committed while he was on probation. Thus, the sentence imposed would ordinarily be considered to be proper.

The statute under which Jackson was indicted delineates three types of conduct as aggravated battery: (a) batteries causing great bodily harm; (b) batteries committed while using a deadly weapon, or while

the perpetrator is masked or otherwise conceals his identity, or batteries against individuals acting in certain capacities, and (c) batteries committed by administering intoxicating, narcotic or poisonous substances. (Ill. Rev. Stat. 1967, ch. 38, par. 12—4.) The permissible sentence for an offense within the first category is from one to ten years; offenses arising under the subsections (b) and (c) are punishable by sentences from one to five years. The conduct which formed the basis of Jackson's indictment was in the first category for which the lengthier imprisonment is prescribed. Jackson, therefore, was misinformed and could have been misled when the court told him on his plea of guilty that his maximum penalty could be no more than five years.

■■ Knowledge of the consequences is essential to a voluntary plea of guilty. The Code of Criminal Procedure applicable to Jackson's plea provided that a defendant had to be informed of the consequences of his guilty plea and the maximum penalty. (Ill. Rev. Stat. 1967, ch. 38, sec. 115—2(a)(2).) In contrast, the present rule provides that a defendant must also be informed of the minimum sentence and the possible effect on the penalty which may be imposed because of prior convictions or consecutive sentences. (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2).) It is readily apparent that an accused's knowledge of the consequences is not only a determining factor in the voluntariness of his plea but is often an inducement to a guilty plea.

■■■ Justice and fairness demand that if a guilty plea rests on an inaccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled. We, therefore, exercise our power under Ill. Rev. Stat. 1967, ch. 110A, par. 615(b)(4) and reduce the defendant's maximum sentence to five years.

Affirmed as modified.

McNAMARA and McGLOON, JJ., concur.