THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS E. MAHOOD, Defendant-Appellant.

(No. 72-154;

Third District—December 4, 1973.

STOUDER, J., dissenting.

Richard Steck, Assistant Appellate Defender, of Ottawa, for appellant.

Richard Wilder, State's Attorney, of Morris, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Following a negotiated plea agreement, defendant Lewis Mahood pleaded guilty to four counts of burglary in the Circuit Court of Grundy County. One count of burglary and one count of theft were dismissed apparently because they arose out of the same conduct.

It appears from the record that at the time of sentencing, defendant was currently serving a sentence imposed in West Virginia by the terms of which he had been sentenced to probation on one misdemeanor and three felony charges. The State's Attorney recommended that the sentences to be imposed by the Illinois Court in the instant case run concurrently with the West Virginia sentence the defendant was serving. It was stated that the sentence to be imposed in Illinois should commence from the time of defendant's incarceration in this State. It is contended on appeal that defendant's guilty plea was, therefore, based on a promise which neither the court nor the prosecution could deliver and that, consequently, because of the use of the term "concurrent", the guilty plea could not stand. This is premised on the assertion that

the defendant must have understood that he was to be sentenced to a term of four (4) to twelve (12) years which were to run concurrently with any West Virginia sentence imposed. The record, however, indicates that prior to the imposition of the sentences, the trial court raised a question in defendant's presence as to whether the Illinois court had any authority to impose sentence in accordance with the understanding. The court then said that, to the extent that the Illinois court could arrange concurrent sentences, sentence would be imposed on the basis of the State's Attorney's recommendation. The court expressly stated in defendant's presence that the court could not bind West Virginia and explicitly stated to the defendant that in Illinois these sentences would commence actually with the day he was incarcerated awaiting trial and the sentences would not be postponed to commence after the West Virginia sentence. The court questioned Mahood asking him whether he understood the court, and defendant replied that he did.

■■ While we realize that a guilty plea made as a result of an unfulfilled promise for a lighter sentence must be vacated (*People v. Spicer,* 47 Ill.2d 114, 264 N.E.2d 181), it is clear from the record that the court adequately explained to defendant exactly what sentence the defendant was receiving. The court did not say that the West Virginia sentence would run concurrently with the Illinois sentence, but, in fact, the court made clear to the defendant that the Illinois sentence would begin immediately and would run concurrently with the existing West Virginia sentence and with anything which might happen currently with regard to sentencing in West Virginia. The court also expressly stated that it could not bind West Virginia and that the only effect of the plea agreement would be that the Illinois sentence would begin to run immediately and would continue to run irrespective of what occurred in West Virginia. On such basis, the sentences imposed in Illinois were exactly the sentences which had been agreed upon in plea bargaining and there was no representation inconsistent with the sentences as actually imposed. The record does not support defendant's contention that there was an express representation that the sentences would be "concurrent" with any West Virginia sentence, other than the fact that the Illinois sentence would be imposed immediately and be applicable from the time the defendant was incarcerated in Illinois.

■■ The State also points out that the court has the power to order sentences in Illinois to run concurrent with sentences in other states, and points out, as an illustration of policy, that there is an express statute in Illinois for making Illinois and Federal sentences concurrent. (Ill. Rev. Stat. 1971, ch. 38 § 1—7(n).) It is also pointed out that, as a practical matter, defendant is not placed in a dilemma. It is noted that

under *People ex rel. O'Connor v. Bensinger,* 48 Ill.2d 440, 270 N.E.2d 1, the State of Illinois, after defendant was sentenced in Illinois, could not send defendant to another state for revocation of probation and the serving of a sentence. The Supreme Court stated that it violated the defendant's constitutional rights to sentence him, then send him to a sister state for a trial, sentencing and service of a sentence, and, thereafter, attempt to bring him back to serve his original sentence in Illinois. Defendant in the case at bar, therefore, would be required to serve his Illinois sentence first, before he could be sent to West Virginia to serve any sentence which might be imposed on a probation revocation.

In the cause before us, so far as the record is concerned, the court imposing the new sentence was an Illinois court since defendant was already under sentence in West Virginia. The Illinois court, therefore, determined that the sentence imposed would run concurrently with the existing sentence in West Virginia. On the basis, therefore, of our review of the record we do not believe that there is any reversible error in the imposition of the sentence and that defendant got exactly what he had bargained for as to sentence.

Judgment of the Circuit Court of Grundy County will, therefore, be affirmed.

Affirmed.

SCOTT, J., concurs.

Mr. JUSTICE STOUDER dissenting:

I do not agree with the majority of the court. From the record it appears to me the meaning of the plea bargain, its effect or consequences, and the meaning of the sentences imposed are confusing, susceptible of misunderstanding or erroneous. Consequently, I believe the proceedings are contrary to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), relating to the acceptance of guilty pleas.

After the court explained to defendant the meaning and effect of serving four Illinois prison sentences concurrently, the State's Attorney stated,

> "I would also like to point out, Your Honor, my recommendation would be that these sentences run concurrently with the sentences he is currently serving out of the State of West Virginia, the County of Jackson, where he was sentenced to a period of probation for one misdemeanor and three felony charges which I will submit to the Court."

The court then asked,

> "The Court: Do we have authority to do that?

Mr. Wilder: That is my understanding.

The Court: To that extent that we can, is this your suggestion?

Mr. Wilder: Yes, that is my recommendation—that they would run concurrently.

The Court: We can't bind West Virginia.

Mr. Wilder: But what action we take up here—

The Court: In other words, the point here in Illinois is that these sentences would commence actually with the day he was incarcerated awaiting trial, and that they would not be postponed to commence after the other one. That is to your advantage. Do you understand that?

Mr. Mahood: Yes, sir."

The order of the court specified that Mahood's Illinois prison sentences were to "run concurrent with the unexpired sentences in the State of West Virginia".

The foregoing quotations indicate to me the court and the State's Attorney were not in agreement as to the meaning of the recommendation and neither understood the application of the recommendation, if any, to the facts and circumstances of the case. At least one reasonable conclusion which may be drawn from the colloquy is that by providing the prison sentences be served concurrently with the unexpired sentences in West Virginia, the defendant would not be subjected to any more jail terms other than those meted out by the Illinois court. In fact this seems to be what the court understood by the recommendation and even though the court expressed doubt, it apparently accepted the State's Attorney's assurance the provision relating to concurrence might be binding.

If all that was intended was that the penitentiary terms be served concurrently with the existing probationary terms, then no reference to concurrency would have been required. If the recommendation was not fairly intended to affect future jail terms which might be imposed by West Virginia, the recommendation could have no meaning. The court was imposing the Illinois sentences regardless of the circumstances either present or future as they might exist in West Virginia. If all the court intended was that defendant's concurrent Illinois jail sentences commence at once, no reference to any other sentence was either required or appropriate. That something more was intended is evident by the court's reference to its advantages for the defendant and the court's reference to the "other one", apparently a reference to a prison term which might be imposed by West Virginia.

Usually when a court holds that sentences will be served concurrently, it is recognizing its power and discretion to exercise a choice between

concurrent or consecutive sentences. In considering whether concurrent has any meaning as applied to the facts of this case, the absence of any meaning is demonstated by hypothetically substituting the other alternative, namely, consecutive. If consecutively were substituted, the absence of any meaning as applied to these facts is even more clearly demonstrated. In other words, providing that a prison term be served consecutively with a sentence for probation makes no sense and would hardly be regarded as having any legal significance. By the same token a term of imprisonment designated to run concurrently with a probation sentence is equally lacking in legal significance.

It seems to me axiomatic there is nothing which an Illinois trial court can do respecting jail sentences which it imposes which is binding on any subsequent action of the West Virginia court. When it comes to the matter of whether sentences of imprisonment imposed by different courts shall be concurrent or consecutive, the determination is solely that of the court dealing with the problem last in time. There is nothing the first sentencing court can do which will affect the later sentence. (*People v. Jackson*, 13 Ill.App.3d 232, 300 N.E.2d 557 and *People ex rel. Fleming v. Pate*, 48 Ill.2d 426, 270 N.E.2d 4.) The statute cited by the majority (Ill. Rev. Stat. 1971, ch. 38, par. 1—7(n)), merely confirms this basic proposition by permitting Illinois courts to sentence offenders for concurrent terms of imprisonment when the offender is serving a prior prison sentence meted out by a federal court. The statute recognizes that where a federal court has theretofore imposed a prison sentence, an Illinois court in imposing a subsequent prison sentence may make such sentence concurrent with the prior federal prison sentence. If there is no prior federal prison sentence, the statute is inapplicable. The primary purpose of the statute is to permit prison terms to be concurrent even though not served under a single custodial administrative unit. Yet, by citing this statute and discussing it as if it favorably affected the trial court's action, it seems to me the majority, at least by implication or intimation, is suggesting that an Illinois court could somehow or other affect a jail sentence which might be thereafter imposed by a West Virginia court. Such a conclusion is erroneous and its error may be easily demonstrated by considering what effect the Illinois decision could have on West Virginia's decision to impose a prison sentence on the defendant to run consecutive with those imposed by Illinois. To me it is clear that West Virginia could impose such a subsequent consecutive jail sentence without regard to what Illinois may have done earlier. Regardless of the effect of an Illinois court's decision on this issue, the most important affect of even discussing the issue demonstrates that a good deal of confusion, if not error, is shown by the record.

Heightening the confusion and confirming the ambivalency of the trial court's action the State in its brief declares,

> "Contrary to the defendant's argument, the court did not say that the West Virginia sentence would run concurrent with the Illinois sentence. Rather, the court made clear to the defendant that the Illinois sentence would begin immediately and would run concurrently with anything that might happen with regards to sentencing in West Virginia."

Since there is nothing meaningful which an Illinois court can do or say regarding concurrent jail sentences, there seems to me a substantial likelihood both that the trial court did not understand the recommendation and that defendant could have been misled. Whether defendant was actually misled is not the issue where, as in this case, the explanations and admonishments of the court, contrary to Supreme Court Rule 402, raised the substantial probability the defendant might not have understood what was involved. Therefore, I would vacate the judgment and permit the defendant to plead anew.