(No. 46426.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LEWIS E. MAHOOD, Appellant.

*Opinion filed November 18, 1974.*

James Geis, Deputy Defender, Office of State Appellate Defender, and Richard Steck, Assistant Appellate Defender, both of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel and Donald Hubert, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

On March 10, 1972, the defendant pleaded guilty in the circuit court of Grundy County to four counts of burglary. Two additional counts were dismissed. The pleas were the result of plea negotiations between the State's Attorney and the defendant and his court-appointed counsel. The defendant was sentenced to a term of from 4 to 12 years on each count, with all sentences running concurrently. The appellate court affirmed the convictions. (15 Ill. App. 3d 398.) We granted leave to appeal.

In 1970 the defendant had pleaded guilty to three

felony charges and one misdemeanor charge in West Virginia. He was sentenced to six months in the county jail on the misdemeanor charge, and he was sentenced from 1 to 10 years in the penitentiary on each of the felony charges. However, the court suspended the sentences and placed the defendant on probation for 3 years, one of the conditions of which was that the defendant shall not during the period of probation violate any law of "this or any other state ***."

On the date the guilty pleas were entered in this case the defendant, his court-appointed counsel and the State's Attorney appeared before the judge, at which time the following discussion was had:

> "MR. WILDER [State's Attorney] : We wish to submit to the court a tentative plea agreement. I have advised Mr. Holderman [defense counsel] that if his client enters a plea of guilty to counts 1, 4, 5 and 6 of the indictment, each count charging burglary, that I would recommend to the court that he be sentenced to the Department of Corrections for a term of not less than 4 nor more than 12 years on each of these counts, but that they run concurrently.
>
> If the plea is accepted, then I would move to dismiss counts 2 and 3. Count 3 is a theft arising out of the same transaction as count 1 and count 2 is an offense arising out of the same transaction as count 1. ***
>
> MR. HOLDERMAN [defense counsel] : So he would be pleading guilty to count 1, count 4, count 5 and count 6, is that right?
>
> MR. WILDER: That is right, four counts.
>
> THE COURT: Mr. Holderman, you were the attorney appointed here to represent Mr. Mahood?
>
> MR. HOLDERMAN: Yes, I was.
>
> THE COURT: You have discussed this plea agreement with him?
>
> MR. HOLDERMAN: Yes, we discussed it on two different occasions, Judge.
>
> THE COURT: Are you Lewis Elmer Mahood?
>
> MR. MAHOOD: Yes sir.
> * * *
> THE COURT: What is your age?

"MR. MAHOOD: I am 25 years old, Sir.

\* \* \*

THE COURT: Mr. Holderman, here, who is your attorney, has indicated to me that he has discussed with you the plea negotiations that he has had with the state's attorney. Are you in accord with these plea negotiations? Do you understand what I mean by the word "accord"? Are you in agreement with them?

MR. MAHOOD: Yes, sir.

THE COURT: If it is your desire to enter a plea of guilty, technically, you will have to withdraw your plea of not guilty and enter a plea of guilty. Is that your desire?

MR. MAHOOD: Yes, sir.

THE COURT: That is based on these negotiations?

MR. MAHOOD: Yes, sir.

THE COURT: Are you satisfied with the agreement counsel has stated here in your behalf?

MR. MAHOOD: Yes, sir.

THE COURT: Now, I am required by law to satisfy myself, Mr. Mahood, that you completely understand all the aspects even though I know that Mr. Holderman has discussed this with you, the court must be satisfied that you understand them.

First of all, the crimes you are charged with; under this plea negotiation, you would plead guilty to the crimes of burglary.

MR. MAHOOD: Yes, Sir."

The court then proceeded to interrogate the defendant concerning his understanding of the nature of the offenses with which he was charged and informed the defendant of the minimum and maximum penalty that could be imposed for each offense. The court also informed the defendant of the meaning of concurrent sentences. Following these admonitions, which cover approximately three pages of the record, the following colloquy occurred:

"MR. WILDER: I would also like to point out, your Honor, my recommendation would be that these sentences run concurrently with the sentences he is currently serving out of the state of West Virginia,

the county of Jackson, where he was sentenced to a
period of probation for one misdemeanor and three
felony charges which I will submit to the court.

THE COURT: Do we have the authority to do that?

MR. WILDER: That is my understanding.

THE COURT: To the extent that we can, is this your
suggestion?

MR. WILDER: Yes, that is my recommendation—that
they would run concurrently.

THE COURT: We can't bind West Virginia.

MR. WILDER: But what action we take up here——

THE COURT: In other words, the point here in Illinois is
that these sentences would commence actually with
the day he was incarcerated awaiting trial, and that
they would not be postponed to commence after the
other one. That is to your advantage. Do you
understand that?

MR. MAHOOD: Yes Sir."

The court then proceeded to further admonish the
defendant with regard to his rights.

The defendant contends that his pleas were invalid
because they were induced by the misrepresentations as to
the court's power to order concurrency of the sentences to
be imposed with a sentence subsequently to be imposed by
West Virginia. We do not agree.

There is nothing in the record which in any way
indicates that the recommendation of the State's Attorney
that the sentences run concurrently with the West Virginia
sentence was ever discussed with the defendant or his
counsel or that it constituted a part of the plea agreement.
The above extended quote from the transcript clearly
shows that there had been an agreement concerning the
pleas and sentences of the defendant as to the offenses in
this State and that the concurrency of the sentences
imposed on these four charges was part of the agreement.
However, the recommendation of the State's Attorney
concerning concurrency with the West Virginia sentences
was not made at the time the plea agreement was being
discussed with the court. It was made after the terms of

the agreement had been stated and after the defendant stated that he was satisfied with the agreement as it had been outlined to the court. At no time during the entire proceedings did the State's Attorney, the defendant or his counsel state that the matter of the West Virginia sentence was ever considered as a part of the plea agreement. The concurrency of the West Virginia sentence appears in the record as a mere recommendation by the State's Attorney at a time when the court discussed with the defendant the sentences it could impose under the pleas of guilty.

In this case the defendant had signed confessions admitting each of the burglaries to which he pleaded guilty. He had voluntarily consented to searches which resulted in the seizure of articles taken in these burglaries. Following a detailed recitation by the State's Attorney to the court of the facts of each offense the defendant, in response to a question by the court, stated that he was entering his pleas of guilty because he was in fact guilty of each offense and that his pleas were in every respect voluntary. In the face of the clear evidence of guilt and the obviously voluntary and uncoerced pleas of guilty, we will not attempt to read something into the record that does not appear therein and conjecture that the State's Attorney's recommendation concerning the West Virginia sentence was part of the plea agreement.

The judgment of the appellate court is therefore affirmed.

*Judgment affirmed.*