THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN TUCKER, Defendant-Appellant.

Third District No. 76-471

Opinion filed April 28, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and Robert M. Hansen, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is brought by the defendant, Marvin Tucker, from the entry of judgments of conviction against him for the offenses of robbery and theft. Following a presentencing report and sentencing hearing, the defendant was sentenced to a term of imprisonment of from 3 to 10 years. That sentence, which was imposed only for the robbery conviction, was to be served consecutively to sentences imposed previously for prior convictions of burglary and attempt burglary.

■■ The State concedes that, since the robbery and theft were founded on a single act of the defendant, a judgment of conviction can only be entered on the robbery verdict. (See *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) Therefore, the judgment entered on the guilty verdict for the offense of theft from the person must be vacated.

The only other issue raised by the defendant is whether the trial court erred by ordering the sentence imposed on the robbery conviction to run consecutively to sentences previously imposed on the defendant. Prior to the enactment of section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)), the Illinois Supreme Court stated that the imposition of consecutive sentences for separate and distinct offenses was discretionary with the trial court. (*People v. Nelson* (1962), 26 Ill. 2d 337, 186 N.E.2d 362.) In *Nelson*, it was decided that the trial court properly imposed a sentence on the revocation of probation to run consecutively to the sentence imposed on the judgment of conviction for the offense giving rise to the probation revocation. Accord, *People v. Jackson* (1st Dist. 1973), 13 Ill. App. 3d 232, 300 N.E.2d 557.

Section 5—8—4(b) of the Unified Code of Corrections recites the standard for determining the applicability of a consecutive sentence:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).)

Though it would seem to continue to be appropriate and logical for a court to impose a consecutive sentence on the conviction for the offense giving rise to the probation revocation, the statute now additionally requires that in exercising its discretion, the trial court must consider "the nature and circumstances of the offense and the history and character of the defendant."

■■ In the case at bar, the defendant has been convicted of robbery after convictions of burglary or attempt burglary. In addition, a previous conviction for a firearms violation was brought to the attention of the trial court during the sentencing hearing. Given this history of the defendant and the record indicating due consideration of the subject by the court, we can not conclude that the trial court abused its discretion in imposing a consecutive sentence.

Accordingly, the judgment of the Circuit Court of Kankakee County on the robbery conviction is affirmed and the judgment of the same court on the conviction for theft is vacated.

Affirmed in part, vacated in part.

ALLOY, P. J., and SCOTT, J., concur.