THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY STEWART, Defendant-Appellant.

First District (5th Division)    No. 77-1390

Opinion filed June 2, 1978.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Renee Goldfarb, and Richard Heytow, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

On September 6, 1972, defendant, Ricky Stewart, pleaded guilty to attempt armed robbery, and he was sentenced to 5 years' probation conditioned on his serving the first year in the county jail. On February 14, 1977, defendant's probation was revoked, and he was subsequently sentenced to a term of 12 to 14 years. He was given a sentence credit for time spent on probation only prior to July 1, 1974, the date upon which credit for probation became discretionary. The issues presented for review are whether defendant must be resentenced under the law in effect between January 1, 1973, and October 1, 1973 (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 8—4(c)(3)), for which the maximum sentence was 3 1/3 to 10 years, and whether defendant must be given credit for all the time served on probation prior to revocation.

At the hearing for violation of probation, the facts established that defendant took part in an armed robbery, and the court found there had been a violation of probation. The court then stated to defense counsel:

"There also may be a choice that you might wish to discuss with the defendant as to his sentencing, whether under the new Code or the old Code, or it may have to be a three to one spread if I move off the minimum; in the old Code there is a maximum and I could make it one year less than the maximum, to the maximum."

At the sentencing hearing on March 29, 1977, defense counsel stated:

"The last time the matter was up some days ago, there was really a misunderstanding between the court and myself. For some reason, we were both thinking that the charge that he was being sentenced for was a Class 3 felony wherein the maximum penalty my client can receive was no less than three years, four months, to ten years, and as it turned out, as we were going through the plea and the election, we both realized at the same time that in fact the armed robbery under the new Code is a Class 1 and attempt is Class 2, which would be six-eight to twenty.

We passed the case and I had occasion the last day or so to speak to my client regarding his election.

We are ready to proceed at this time and we would be electing under the old, Judge."

The court then sentenced defendant to a term of 12 to 14 years, stating that defendant had not been attempting to rehabilitate himself while on probation.

OPINION

■■ Defendant first contends the sentence must be reduced to conform to the statute which was in effect from January 1, 1973, until October 1, 1973, which had classified attempt armed robbery as a Class 3 felony for which the maximum term is 3 years 4 months to 10 years. (Ill. Rev. Stat. 1972 Supp., ch. 38, pars. 8—4(c)(3) and 1005—8—1(b)(4) and (c)(4); *People ex rel. Weaver v. Longo* (1974), 57 Ill. 2d 67, 309 N.E.2d 581.) He relies on *People v. Williams* (1975), 60 Ill. 2d 1, 17, 322 N.E.2d 819, which holds that a defendant is entitled to the benefit of the most favorable intervening statute. Defendant asserts that although he elected to be sentenced under the old law (Ill. Rev. Stat. 1971, ch. 38, par. 8—4), it is clear that the election was made based on the erroneous interpretation by his privately retained counsel that attempt armed robbery under the newly enacted Unified Code of Corrections was a Class 2 felony for which the maximum term was 6 years 8 months to 20 years. (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4(c)(2) and 1005—8—1(b)(3) and (c)(3).)[1] We believe that under these circumstances fundamental fairness dictates that defendant be permitted to be sentenced under the Unified Code of Corrections as initially enacted. *Cf. People v. Frank* (1971), 48 Ill. 2d 500, 503-04, 272 N.E.2d 25.

■■ The State concedes the validity of defendant's argument but contends the sentence for attempt armed robbery, which could not exceed a term of 3 1/3 to 10 years, should be served consecutive to the sentence defendant was serving at the time his probation was revoked. Although the trial court may properly impose a consecutive sentence when probation is revoked (*People v. Dawson* (1975), 30 Ill. App. 3d 147, 332 N.E.2d 58; *People v. Jackson* (1973), 13 Ill. App. 3d 232, 300 N.E.2d 557; *People v. May* (1971), 132 Ill. App. 2d 766, 270 N.E.2d 440), it is not clear from the record whether it would be proper under the instant facts. Because the record does not establish with certainty the sentence defendant was serving at the time his probation was revoked, we cannot determine the effect of a consecutive sentence. Accordingly, the instant sentence will be vacated and the cause remanded for resentencing.

We note, however, that serious questions may arise. In order to impose a consecutive sentence, the trial court must find that such a sentence is

[1] At the time defendant's probation was revoked, attempt armed robbery was a Class 2 felony.

required to protect the public from further criminal conduct by the defendant. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b); *People v. Strickler* (1977), 47 Ill. App. 3d 419, 362 N.E.2d 28.) Moreover, the aggregate maximums and minimums imposed under the circumstances presented cannot exceed the limitations specified in section 5—8—4(c). (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c); *People v. Nicks* (1976), 62 Ill. 2d 350, 342 N.E.2d 360.) In addition, constitutional problems may arise of the kind discussed in *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, and *Blackledge v. Perry* (1974), 417 U.S. 21, 40 L. Ed. 2d 628, 94 S. Ct. 2098, wherein the United States Supreme Court addressed the question of a harsher sentence imposed upon retrial following a defendant's successful invocation of the appellate process.

Defendant next contends he is entitled to credit for all the time served on probation prior to the revocation of probation because the statute in effect from January 1, 1973, until July 1, 1974 (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—6—4(h)) made such credit for time served mandatory. Defendant again asserts that under *Williams* he is entitled to the benefit of the most favorable intervening statute.

■■ At the time defendant was placed on probation there was no provision making credit for time served on probation mandatory, but mandatory credit was required between January 1, 1973, and July 1, 1974. Thereafter, the statute was again amended, and the court was given discretion to determine whether defendant should be given credit for time served. The State argues that these changes are procedural only, citing *Dobbert v. Florida* (1977), 432 U.S. 282, 54 L. Ed. 2d 166, 97 S. Ct. 2290. In *Dobbert*, a death penalty statute applied to the crime when it was committed. While the case was awaiting trial, that statute was held to be unconstitutional. However, a new death penalty statute, which obviated the constitutional deficiencies, was then enacted and was in effect at the time of trial. The Supreme Court sustained the imposition of the death penalty and rejected the claim that the new law was *ex post facto* and constitutionally inapplicable. Nevertheless, we do not believe *Dobbert* is controlling under the instant facts. Courts of this state have uniformly extended the benefit of the most favorable intervening sentencing statute and allowed defendant credit for all the time served on probation. (*People v. Peterson* (1977), 50 Ill. App. 3d 853, 859, 365 N.E.2d 1172; *People v. Knowles* (1977), 48 Ill. App. 3d 296, 303, 362 N.E.2d 1087; *People v. Meyer* (1976), 43 Ill. App. 3d 109, 111-13, 356 N.E.2d 1303, *leave to appeal denied* (1977), 65 Ill. 2d 583.) Defendant is therefore entitled to such credit.

For these reasons the order revoking probation is affirmed, the sentence

vacated, and the cause remanded for resentencing in accordance with the views herein expressed.

Revocation affirmed; sentence vacated; cause remanded for resentencing.

SULLIVAN, P. J., and WILSON, J., concur.