THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENNIE RAY JONES, Defendant-Appellant.

Fifth District No. 5—82—0668

Opinion filed June 24, 1985.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and John H. Benham, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Defendant, Bennie Ray Jones, pleaded guilty to aggravated battery and was sentenced on December 11, 1981, to 30 months' probation. As an incident of probation, defendant served six months' incarceration. The State subsequently filed a petition to revoke probation, which alleged that defendant had been convicted of rape. The rape was alleged to have occurred on March 5, 1982. Defendant's probation was revoked after a hearing, and defendant was sentenced to five years' imprisonment, which was to be served consecutively to his 30-year sentence, which had been imposed upon the rape conviction. On appeal, defendant contends that if his conviction for rape is reversed by this court, the order revoking defendant's probation must also be reversed. He also contends that the court improperly sentenced defendant to consecutive sentences.

Defendant's first issue is now moot as this court affirmed his rape conviction pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). *People v. Jones* (1984), 125 Ill. App. 3d 1180.

■ Concerning whether imposition of a consecutive sentence was authorized, defendant argues that section 5—6—4(e) of the Unified Code of Corrections (the Code) precludes imposition of a consecutive sentence upon revocation of probation. Section 5—6—4(e) provides:

"If the court finds that the offender has violated a condition at any time prior to the expiration or termination of the period, it may continue him on the existing sentence, with or without modifying or enlarging the conditions, or may impose any other sentence that was available under Section 5—5—3 at the time of initial sentencing." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(e).)

Defendant reasons that at the time defendant was sentenced to probation, *i.e.*, "at the time of initial sentencing," he had no other convictions and hence no other sentences to serve consecutively to any period of imprisonment then imposed; therefore, a consecutive sentence was not authorized upon revocation, since it could not have been imposed "at the time of initial sentencing."

This court and our supreme court have held that where a defendant's probation is revoked due to a subsequent offense, the defendant may be sentenced to a term of imprisonment to be served consecutively to the term of imprisonment imposed for the offense which constituted the violation of the terms of probation. (*People v. Nelson* (1962), 26 Ill. 2d 337, 186 N.E.2d 362; *People v. May* (1971), 132. Ill. App. 2d 766, 270 N.E.2d 440; *People v. Jackson* (1973), 13 Ill. App. 3d 232, 300 N.E.2d 557.) However, each of these opinions concerns

sentences predating the effective date of the Unified Code of Corrections as the law of this State. Subsequent cases have dealt with the subject of consecutive sentencing upon revocation of probation (see *People v. Dawson* (1975), 30 Ill. App. 3d 147, 332 N.E.2d 58; *People v. Stewart* (1978), 61 Ill. App. 3d 111, 377 N.E.2d 1112), but our research discloses no cases in which the authority of the trial court to impose such a sentence under section 5—6—4(e) of the Code was questioned and considered.

■ The prime consideration in construing a statutory enactment is to give effect to the intent of the legislature. In ascertaining the legislature's intention, the entire statute must be considered, as well as the evil to be remedied and the object to be attained. Where several constructions may be placed upon a statute, the court should select that which leads to a logical result and avoid those which would be absurd. It is presumed that the legislature in passing legislation did not intend absurdity, inconvenience or injustice. (*People v. Sansone* (1981), 94 Ill. App. 3d 271, 273, 418 N.E.2d 862, 864.) Section 5—5—3 of the Code, referred to by section 5—6—4(e), which is relied upon by defendant, states that every person convicted of an offense shall be sentenced as provided in section 5—5—3. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(a).) Section 5—5—3 may be viewed as no more than a list of generally available sentencing alternatives. (See Ill. Ann. Stat., ch. 38, par. 1005—5—3, Council Commentary, at 357 (Smith-Hurd 1982).) Section 5—5—3(b) lists, as authorized dispositions, a term of imprisonment and various alternatives thereto, including probation. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3(b).) The subject of concurrent versus consecutive sentencing is not addressed in section 5—5—3. Examining section 5—6—4(e) and its reference to section 5—5—3 in this light, we view section 5—6—4(e) as intended by the legislature to authorize the sentencing of a defendant whose probation has been revoked to either a term of imprisonment or any alternative thereto which appeared in section 5—5—3 at the time of initial sentencing. By sentencing defendant to a term of imprisonment, a disposition authorized by section 5—5—3(b), the trial court complied with the provisions of section 5—6—4(e), regardless of whether or not said term of imprisonment was imposed consecutively to the term of imprisonment imposed for the subsequent offense.

In so concluding, we note that the Code includes detailed and comprehensive provisions regarding the imposition of consecutive sentences. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4.) Section 5—8—4 does not address the instant situation, though prior to enactment of the Code this situation was not novel. (*People v. Nelson* (1962), 26 Ill.

2d 337, 186 N.E.2d 362; *People v. May* (1971), 132 Ill. App. 2d 766, 270 N.E.2d 440; *People v. Jackson* (1972), 13 Ill. App. 3d 232, 300 N.E.2d 557.) It is presumed that the legislature acted with full knowledge of the judicial decisions concerning such prior and existing law and legislation. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 1018, 425 N.E.2d 1371, 1373, *aff'd* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.) Generally, a statute should not be construed to effect a change in settled law unless its terms require such construction. Where the statute was enacted after judicial opinions on the matter, it must be presumed that the legislature acted with knowledge of the prevailing case law. (*People v. Monoson* (1979), 75 Ill. App. 3d 1, 9, 393 N.E.2d 1239, 1246.) The legislature was able to plainly express its intention to overrule *Nelson, May,* and *Jackson,* had it chosen to do so. Such not being done, we interpret our legislature's failure to do so as an indication that those cases remain the law of this jurisdiction.

 Defendant's last contention concerning the impropriety of consecutive sentences is that his history and character do not warrant imposition of a consecutive term. The presentence investigation establishes that defendant is 33 years of age, has no juvenile record, has no adult convictions other than the rape and aggravated battery convictions, was employed in 1973 through 1979, and was discharged from the Navy due to an "anti-social complex."

In committing the aggravated battery, defendant blackened both of the victim's eyes and lacerated the victim's forehead which required four stitches to close. The fact that the trial judge attempted probation does not denigrate the gravity of the offense. It merely indicates that the court was willing to give the defendant a chance. (See *People v. Ingram* (1981), 95 Ill. App. 3d 321, 322, 420 N.E.2d 187, 187-88.) In the case at bar, the court candidly admitted that it had made a mistake in initially sentencing defendant to probation. In imposing sentence the court stated:

"I think that if you look at my record over 11 years as a judge primarily handling the criminal cases in this county, and we've had some tough ones, the Court has been very sparing in its use of consecutive sentences. It has only imposed consecutive sentences in those cases where the Court, with good reason, has believed that the defendant was a dangerous person, and I find that this is another case where I am dealing with a dangerous person. When I sentenced Mr. Jones to probation a year ago, I made a mistake. I don't recall what the State's recommendation was at that time. I remember the trial. And in looking at 1005—8—4(b) I think that all the factors that are re-

quired are present here. The nature and circumstances of the offense in Jackson County for which he was sentenced to probation evolved out of an attack on a female person. The fact that there was a—the plea result was an agreement with the State does not mean that it was not an act of violence and the aggravated battery in this case was an act of violence. The history and the character of this defendant Jones, although not lengthy, is indicative of a violent personality, a person who should not be on the streets. I think it is absolutely necessary in this case that I protect the public as long as I can from further criminal conduct by Mr. Jones ***."

Although a reviewing court has the power to reduce punishment, in exercising that power, a reviewing court should consider the superior opportunity of the trial judge during trial and at the sentencing hearing to acquire information about the defendant which would be helpful in determining suitable punishment. (*People v. Butler* (1976), 64 Ill. 2d 485, 490, 356 N.E.2d 330, 333.) Imposition of a sentence is a matter of judicial discretion and, absent an abuse of that discretion, the sentence of the trial court may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) In the case at bar, the defendant committed two violent crimes on females within a short period of time. Therefore, we conclude that the reasons for sentencing set forth in the record are sufficient to satisfy the requirements of section 5—8—4(b) of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—4(b)). See *People v. Pittman* (1982), 93 Ill. 2d 169, 178-79, 442 N.E.2d 836, 841.

Affirmed.

JONES, P.J., and KASSERMAN, J., concur.