THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALAN R. CRAIN, Defendant-Appellant.

Fourth District   No. 4—87—0372

Opinion filed February 11, 1988.

Daniel D. Yuhas and Patricia G. Mysza, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Kenneth R. Boyle, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On August 28, 1985, defendant Alan Crain was indicted in Woodford County circuit court for theft (over $300) of a trailer. On November 4, 1985, defendant pleaded guilty to theft and was placed on probation for 30 months. On February 19, 1987, the State filed a petition to revoke probation, alleging that on January 23, 1987, defendant had been found guilty of theft in McLean County. On March 16, 1987, at the hearing on the petition, defendant stipulated to the McLean County conviction and the court found the allegation proved. Finally, on April 7, 1987, the court sentenced defendant to two years in the Department of Corrections, to be served consecutively to the three-year sentence he received for the McLean County theft conviction. Defendant appeals the imposition of a consecutive sentence upon the revocation of his probation. Defendant does not contest the findings of the trial court concluding that a consecutive sentence was necessary. Instead, defendant claims he was not advised of the possibility of receiving such a sentence at the time he pleaded guilty nor was such a sentence available as a disposition at the time he entered his plea. We affirm.

At the guilty plea hearing on the original Woodford County theft charge, held on November 4, 1985, the court admonished defendant as to the nature of the charge, his right to plead not guilty and the rights he was waiving by pleading guilty. With respect to the sentence he could receive, the court admonished defendant he was charged with

a Class 3 felony which is punishable by imprisonment in the Department of Corrections for not less than two nor more than five years and he would be required to serve a one-year mandatory supervised release period following his discharge from the Department of Corrections. Defendant was not advised he could receive a consecutive sentence. However, the supreme court rule governing the necessary admonitions when a defendant submits a guilty plea, Supreme Court Rule 402(a) (107 Ill. 2d R. 402(a)), requires only that a defendant be apprised of the minimum and maximum penalties prescribed by law including consecutive sentences if applicable. The record indicates defendant had no pending charges or other felony convictions as of November 4, 1985. Thus, the possibility of a consecutive sentence did not apply to him at that time and no admonishment concerning such a sentence was required or appropriate.

■ This same argument concerning the failure to advise of a possible consecutive sentence under similar circumstances was made in *People v. Nelson* (1962), 26 Ill. 2d 337, 186 N.E.2d 362. The admonishments necessary at that time upon the entry of a guilty plea differ slightly from those required now, but the reasoning of the supreme court remains sound. A sentencing court is not obligated to attempt to foresee and anticipate defendant's actions on probation which might constitute a subsequent violation of the law and advise him of the consequences of those actions. (*Nelson*, 26 Ill. 2d at 340, 186 N.E.2d at 364.) If the court could forsee the defendant committing a felony while on probation, the defendant should be imprisoned rather than admitted to probation in the first place. We do not believe the legislature intended that a consecutive sentence could not be imposed when probation is revoked on the basis of a later conviction and sentence of imprisonment.

■ Since a consecutive sentence was inappropriate at the time of defendant's guilty plea, he argues it could not be imposed later upon the revocation of his probation. Section 5—6—4(e) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(e)) provides that he can only be given a sentence under section 5—5—3 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3) which was available at the time of initial sentencing. Section 5—5—3 lists various appropriate sentences such as probation, imprisonment or fine. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(b).) Consecutive sentences are not discussed in that section but are discussed in section 5—8—4 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—4). There it states a determination that a sentence should run consecutively may be made by the sentencing court only after finding that such a sentence is nec-

essary to protect the public based upon the nature of the offense and defendant's character. The entire article 8 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, pars. 1005—8—1 through 1005—8—7), in which section 5—8—4 is found, deals with specific details in the imposition of a sentence of imprisonment, whereas section 5—5—3 simply lists sentencing alternatives, only one of which is actual imprisonment.

Section 5—5—3 is a list of sentencing alternatives. It does not prescribe or preclude particular details of sentences of imprisonment, as was emphasized by the court in *People v. Jones* (1985), 134 Ill. App. 3d 1048, 1051, 481 N.E.2d 726, 728. The defendant in *Jones* raised the same issue as does defendant here, *i.e.*, a consecutive sentence was not authorized at the time of his initial sentence to probation and, hence, cannot be imposed upon its revocation. The *Jones* court held, as we do now, that by sentencing a defendant to a term of imprisonment which is an alternative authorized of section 5—5—3(b), the trial court has complied with the requirements of section 5—6—4(e) regardless of whether the term of imprisonment is made consecutive to a term imposed for the subsequent offense. *Jones*, 134 Ill. App. 3d at 1051, 481 N.E.2d at 728.

As noted in *Jones*, prior to the enactment of the Code, consecutive sentences were imposed when deemed necessary in circumstances such as those here. (See *People v. Nelson* (1962), 26 Ill. 2d 337, 186 N.E.2d 362; *People v. Jackson* (1973), 13 Ill. App. 3d 232, 300 N.E.2d 557; *People v. May* (1971), 132 Ill. App. 2d 766, 270 N.E.2d 440.) Section 5—8—4 of the Code, while addressing when a consecutive sentence may be imposed, does not address the instant situation. We agree with the *Jones* court that the legislature should be presumed to know of the existing case law at the time it enacted the Code and had it chosen to overrule these prior cases it would have done so. *Jones*, 134 Ill. App. 3d at 1052, 481 N.E.2d at 728.

The failure to advise defendant of the future possibility of a consecutive sentence does not preclude the imposition of a consecutive sentence after revocation of probation. While a consecutive sentence was not appropriate or available when defendant was originally sentenced, his own conduct and conviction of a later felony made the consecutive sentence available and, in the view of the trial court, necessary.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.